MARGUERITE B. SULK et al.

*v.*

PHILIP TUMULTY.

[Decided March 2d, 1910.]

Equity will not decree the specific performance of a contract for the sale of land and a building thereon, where the vendor has no paper title to a portion of the property, and he attempts to show title by adverse possession on evidence of a prior owner of the land when vacant that he erected the building by mistake over his land, and had no intention to encroach on land over the line, and the land, in this condition, came through mesne conveyances to the vendor.

Heard on bill, answer, replication and proofs in open court.

*Mr. Marshall W. Van Winkle,* for the complainants.

*Messrs. Tumulty & Cullcy,* for the defendant.

GARRISON, V. C.

This is a bill filed by a vendor against a vendee to compel the specific performance of a contract for the sale of real estate. The property in question is No. 140 Cornelison avenue, in the city of Jersey City. There is but a single question presented. It is admitted by all parties that the building just mentioned, and which it was the intention of the parties to sell, as it now stands, covers more land than that to which the complainant has paper title, and encroaches several inches upon the adjacent land to the north, which is in a different ownership. The complainant seeks to remedy this defect, and to show title in herself, by alleging and proving adverse possession.

She produces a witness named Spengeman, who owned this land when it was vacant, and who, about 1882, erected the building as it now stands. He testified that he had procured a survey to be made and located his building upon the lines of his lot as

indicated by the surveyor. He had no intention nor desire to encroach upon his neighbor's land, and did not assert the right to do so, and did not intentionally do so, although it is the fact that he did.

About 1888 he sold the property to the Mutual Benefit Life Insurance Company of Newark, who owned it for many years, and thence it passed into the ownership of the complainants.

The sole question in this case is whether, under the circumstances, the court will force this title upon the defendant.

In my view, it would not be a proper exercise of the discretion which resides in the court in specific performance cases to require this defendant to take this title. Where the validity or marketability of a title depends upon facts outside of public records, the court should not force the title upon a defendant unless the necessary proofs are available to him when he may have future need of them. Authority for and illustration of this principle will be found in the following cases: *Meyer* v. *Madreperla* (*Court of Errors and Appeals, 1902*), *68 N. J. Law* (*39 Vr.*) *258; Dobbs* v. *Norcross* (*Chancellor Runyon, 1874*), *24 N. J. Eq.* (*9 C. E. Gr.*) *327; Tillotson* v. *Gesner* (*Court of Errors and Appeals, 1880*), *33 N. J. Eq.* (*6 Stew.*) *313; Cornell* v. *Andrews* (*Chancellor Runyon, 1882*), *35 N. J. Eq.* (*8 Stew.*) *7; Lippincott* v. *Wikoff* (*Vice-Chancellor Emery, 1895*), *54 N. J. Eq.* (*9 Dick.*) *107; Rutherford Land Co.* v. *Sanntrock* (*Vice-Chancellor Pitney, 1899*), *44 Atl. Rep. 938; affirmed, 60 N. J. Eq.* (*15 Dick.*) *471* (*Court of Errors and Appeals, 1900*)*; Fahy* v. *Cavanagh* (*Vice-Chancellor Pitney, 1900*), *59 N. J. Eq.* (*14 Dick.*) *278; Barger* v. *Gery* (*Vice-Chancellor Stevenson, 1902*), *64 N. J. Eq.* (*19 Dick.*) *263; M. E. Church* v. *Roberson* (*Vice-Chancellor Bergen, 1904*), *68 N. J. Eq.* (*2 Robb.*) *431; Zelman* v. *Kaufherr* (*Vice-Chancellor Stevens, 1909*), *76 N. J. Eq.* (*6 Buch.*) *52; Deseumeur* v. *Rondel* (*Vice-Chancellor Garrison, 1909*), *76 N. J. Eq.* (*6 Buch.*) *394.*

In the case at bar the facts outside the records which are necessary to be proven to make the title good, with respect to that part of the building which encroaches, are those to support a finding of adverse possession in the complainants and their predecessors in title.

In the case at bar no one can be concluded with respect to this question, saving the complainants and the defendant; and if a decree is made against the defendant, it will, of course, be no protection to him in any future proceeding by the owners of the adjacent property upon which his building impinges. He must, with respect to them, therefore, be always prepared to show possession in his predecessors in title for the statutory period, which must be proven to have been actual, exclusive, adverse, hostile, visible or notorious, and continued and uninterrupted.

Without attempting to decide that a title founded upon adverse possession will not be found to be marketable and such as a vendee will be required to take, I do not find in the case at bar that this defendant should be required to take this title. The proof in this case merely shows that about twenty-eight years ago a man, who owned the land when vacant, caused a survey to be made of it and built a house upon it, which house, as a matter of fact (although not intentionally), was several inches on its north line over upon the neighboring property. There is nothing to show the relations between the holders of the various claims or rights after this original owner sold in 1888. At that time the house had not been built more than six or seven years. If at any time within twenty years after the building of the house there was any consent, agreement, protest, joinder of title in the same owner, or other thing which would interrupt the adverse and hostile nature of the possession, the claim to title by adverse possession would fail.

While it may be true, as argued by the complainants, that many other persons than the witness Spengeman could undoubtedly be found at the present time to testify to the length of time that the building in question has stood where it now is, this is not sufficient.

All of the elements required to make out a title by adverse possession must be fully proven; and then, in each case, the question becomes one of fact whether, under the circumstances of that particular case, the party relying on the title so derived has satisfactorily shown that his possession has been such as to meet the requirements of the law. *Foulke* v. *Bond* (*Court of Errors and Appeals, 1879*), *41 N. J. Law* (*12 Vr.*) *527*.

Finding, as I do, that the facts necessary to show that the complainants' title is marketable are not matters of record, and are not such as to be surely available to the defendant for future use as he may need them, I conclude that the discretion of the court should not be exercised in favor of the complainants so as to require the defendant to specifically perform the contract in question.

In his brief, the counsel for the complainants suggests that the complainants may be aided in their claim of adverse possession by the doctrine of practical location. I do not recall any testimony in the case upon which any finding could properly be based that there was any practical location.

I will advise a decree in accordance with the views above expressed.