MARTIN J. CASSIDY et al., respondents,

*v.*

HARRY KRUVANT et al., appellants.

[Decided January 19th, 1925.]

On appeal from a decree of the court of chancery, advised by Vice-Chancellor Backes, who filed the following opinion:

"The community scheme adopted many years ago by the land company, and incorporated in all the conveyances, that none but residences should be built on the lands in its sub-division, has been vigorously adhered to by the many purchasers who have erected homes. The defendant Kruvant was the first invader of the uniform covenant. Some time ago he built four stores facing South Orange avenue at the corner of Isabella avenue. The "neighborhood" did not strenuously object, presumably because they realized that business was pushing out along South Orange avenue from Newark (South Orange avenue is a main artery between Newark and the Oranges), and that the coming of stores on the plot on that street was inevitable. Stores are strewn on either side and opposite the tract on South Orange avenue. Kruvant justifies his intrusion upon the covenant on the ground that the neighborhood has changed. Having succeeded in this inroad he ventured further and put up a building on the rear and remaining portion of his lot, facing it on Isabella avenue, which is intended to be used as a public garage. Whatever merit there may be in his claim of neighborhood change on South Orange avenue, it cannot avail him as to exclusively residential Isabella avenue.

"The defendant will not be permitted to carry on business on Isabella avenue. He may, however, use the building in connection with the stores facing on South Orange avenue.

"The defendant had ample warning and built at his peril. His plea that the complainants failed to take court action until his building was well advanced has little to recommend it. They complained vigorously to the building authorities against issuing a permit for the store building and to him against his project. The covenant relates to the use of the building, not to the character of the structure, and the warning was sufficient and the suit was timely. A bill to restrain the erection of the rear store building could not have been maintained.

"Injunction accordingly."

*Mr. Theodore G. Hindenlang,* for the respondents.

*Mr. Harry T. Davimos,* for the appellants.

PER CURIUM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Backes.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ. 13.

*For reversal*—None.