Robert J. Bluett, as Trustee, under Trust Agreement dated March 29, 1951, and known as Bluett Realty Trust, Appellee, v. County of Cook, a Body Politic and Corporate, Appellant.

Gen. No. 47,421.

First District, First Division.
September 29, 1958.
Released for publication October 23, 1958.

Benjamin S. Adamowski, State's Attorney (Francis X. Riley, Edward J. Hladis, Assistant State's Attorneys, of counsel) for defendant-appellant.

Turner, Hunt and DeBolt, of Chicago (Frederick W. Turner, Jr., Murray B. Woolley, of counsel) for plaintiff-appellee.

JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from a declaratory judgment which would permit plaintiff to construct a gas station at the northeast corner of Palatine and Elmhurst roads

on lots 25 and 26 of plaintiff's subdivision, although such use is not permissible under the zoning applicable to that location as prescribed in the Cook County Zoning Ordinance.

A plat providing for the subdivision of plaintiff's land into 64 lots for the construction of single family residences was submitted to the Board of Commissioners of Cook County pursuant to Chapter 109 entitled Plats (Illinois Revised Statutes 1955). That plat contained the following restrictive covenant:

"All lots in this subdivision are restricted for residential use and not more than one residence shall be built on any lot, *except that this restriction shall not apply to Lots 25 and 26* which may be zoned for business purposes." (Emphasis added.)

The Board of Commissioners approved the plat July 25, 1955. At the time the plat was presented the land was zoned as an F–District pursuant to Section 8 of the Zoning Ordinance of Cook County. Single family residences of the type proposed by plaintiff in this plat is a permissible use in an F–District.

On February 18, 1957, plaintiff applied for a building and zoning permit for construction of a gas station on lots 25 and 26. The Building and Zoning Bureau of Cook County refused the application, after which plaintiff filed the action which forms the basis of this appeal. The trial court found that approval of the plat with the legend thereon excepting lots 25 and 26 from the restrictions placed on the balance of the lots in the subdivision was a legislative decree by the Board; that lots 25 and 26 were left without zoning whatsoever, leaving plaintiff free to use the lots for any lawful purpose it desired "subject only to the limitations that said lots may be zoned for business purposes"; that the proposed usage is not therefore a variation from the zoning ordinance and that the act of the County Board was within the powers delegated

174

to it under Paragraph 152i, Chapter 34, of the Zoning Act.

In this appeal defendant argues that the trial court's construction of the language of the restrictive covenant incorporated in the plat and of the covenant's effect after the County Board's approval of the plat was erroneous and, further, that if the action of the County Board did amount to a legislative act exempting the lots from any zoning and permitting their use for any lawful purpose, then the County Board's action is void because so construed it violated the provisions of said Chapter 34, Par. 152i, et seq., the statute granting zoning authority to counties.

 The statute requiring submission of plats for governmental approval antedates the enactment of zoning laws, and it is clear that the purpose as well as the power conferred by each is different. The legislature in amending the statute with respect to county zoning recognized and preserved the distinction by providing:

"The powers granted to counties by this act shall be treated as in addition to powers conferred by statute to control or approve, maps, plats or subdivisions." (Ch. 34, Par. 152i, Illinois Revised Statutes 1957.)

The purpose served in requiring a housing developer to submit a plat of his proposed subdivision is to insure adequate provision for streets, alleys, placement of utilities, parks, playgrounds and other public necessities indispensable in the modern residential community. That this is the purpose of the statute is evident from the provisions which exempt from requirements of the act subdivisions which do not involve new streets or easements of access. (Ch. 109, Par. 1, Illinois Revised Statutes 1957.) The effect of submitting a plat is to dedicate those portions of the premises which are marked or noted as donated or granted to the public. (Ch. 109, Par. 3, Illinois Revised Statutes 1957.) It also

175

serves to bind purchasers of lots to the restrictive covenants shown on a recorded plat. Such covenants do not supersede, enlarge or diminish the requirements of the zoning ordinance applicable to the area. If the provisions are more restrictive than the zoning requirements, they prevail as to the purchasers. If they are less restrictive, the zoning ordinance prevails. It is so specifically provided in the Zoning Ordinance of Cook County, Section 1–F. There is no case specifically in point on this but the distinctions between the zoning ordinances and plat restrictions are set forth to some extent in Gordon v. Caldwell, 235 Ill. App. 170 (1924) and Oklahoma City v. Harris (Okla. 1941), 126 P.2d 988.

If the subdivider should be unable to market his houses, he may under certain conditions vacate a part of or the entire plat. But nowhere in the statute is the plat-approving authority given the power to grant variances or exceptions from prevailing zoning restrictions, nor is there any provision for the creation of new zoning districts. There is therefore no basis in the Plats statute on which to predicate a characterization of the County Board's action in approving plaintiff's plat as either a zoning or dezoning of lots 25 and 26.

██ The Bluett subdivision was zoned as an F–District at the time the plat was presented. Since single family residences of the type proposed by plaintiff are permissible uses in an F–District, no change whatever in the applicable zoning was needed to approve plaintiff's plat. But gas stations are not among the specific uses enumerated in the zoning ordinance, which uses are deemed the *only* permissible uses in an F–District. Even if there were a basis upon which the County Commissioners' acceptance of plaintiff's plat could be construed as the granting of a variance, an exception, or an amendment of the zoning ordinance, such action would be null and void. Notice must be given and pub-

176

lic hearings held before a variance or exception can be granted and before the zoning ordinance can be amended. (Ch. 34, Par. 152i, et seq., Illinois Revised Statutes 1957.) These procedures were not complied with before the County Board approved plaintiff's plat.

Judgment reversed.

McCORMICK, P. J. and ROBSON, J., concur.