**CITY OF GATESVILLE et al., Appellants,**

v.

**Sam POWELL et al., Appellees.**

**No. 5278.**

Court of Civil Appeals of Texas,
Waco.

Sept. 27, 1973.

Rehearing Denied Nov. 1, 1973.

Edwin E. Powell, Jr., Gatesville, Sheehy, Cureton, Westbrook, Lovelace & Nielsen, J. Robert Sheehy, Waco, for appellants.

William J. Hix and Donald W. Cantrell, Gatesville, for appellees.

## OPINION

McDONALD, Chief Justice.

This is an appeal by defendant City of Gatesville (and Intervenors) from judgment for plaintiffs Powell, that the Gatesville Zoning Ordinance "has no effect" on plaintiffs' property.

Plaintiffs Powell sued the City of Gatesville for declaratory judgment that the City's Zoning Ordinance was of no effect as to plaintiffs' vacant lots in two additions to the City. Intervenors are property owners in the area who intervened on the part of the City.

Plaintiffs' lots were subject to restrictive covenants placed thereon in 1963 and 1964, that such lots "may be used for either residential or commercial purposes."

In 1971 the City passed a zoning ordinance which zoned plaintiffs' property "residential".

Plaintiffs asserted the zoning ordinance had the effect of impairing and destroying the covenants existing on their lots.

Trial before the court resulted in judgment for plaintiffs that the City of Gatesville zoning ordinance has no effect on plaintiffs' property.

The City and intervenors appeal contending the trial court erred in holding the

City of Gatesville zoning ordinance without effect on plaintiffs' lots.

Plaintiffs own lots in the City of Gatesville subject to covenants restricting their use to "residential or commercial purposes".

Thereafter the City passed a zoning ordinance restricting use of such lots to residential only.

The trial court concluded the zoning as to plaintiffs' lots is without effect for the power of a city to zone does not override covenants in existence at the time the zoning ordinance is passed; and based its conclusion on Farmer v. Thompson, Tex. Civ.App., 289 S.W.2d 351, n.r.e.; Spencer v. Maverick, Tex.Civ.App., 146 S.W.2d 819; and Morton v. Sayles, Tex.Civ.App., 304 S.W.2d 759, n. r. e.

And the trial court rendered judgment the City's zoning ordinance has no effect on plaintiffs' property.

Plaintiffs' contention is that since their lots were subject to restrictive covenants limiting their use to "residential or commercial uses", the City lost the power to restrict it by zoning to residential only.

Had there been no restrictive covenants on plaintiffs' property, plaintiffs could have used same for any lawful purpose. And the City had power to adopt zoning ordinance limiting use of such property to residential purposes only. Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; City of Waxahachie v. Watkins, 154 Tex. 206, 275 S.W.2d 477; City of University Park v. Benners, Tex.Sup., 485 S.W.2d 773.

But the City cannot by zoning ordinance impair or destroy *restrictions* contained in covenants running with the land. Thus a city by zoning property commercial, cannot destroy restrictions in the deed limiting use of property to "residential" only. This is the holding in Farmer, Spencer, and Maverick, relied on by the trial court, and cited supra.

The rule is that if the restrictive covenant is less restrictive than the ordinance, as here, the ordinance prevails; and if the restrictive covenant is more restrictive than the ordinance, the covenant prevails; and in either case the ordinance is enforceable. Thus a zoning ordinance cannot override or impair a restriction limiting the use of property, nor can it relieve the land from such restriction; but a zoning ordinance may be more restrictive than a restrictive covenant, as here, and in such case is valid and enforceable.

Thus a zoning ordinance cannot enlarge a contractual restrictive covenant, but it may be more restrictive. See: 20 Am.Jur.2d 837, 838; West Hill Baptist Church v. Abbate, 24 Ohio Misc. 66, 261 N.E.2d 196; Bluett v. County of Cook, 19 Ill.App.2d 172, 153 N.E.2d 305; Brown v. Morris, 279 Ala. 241, 184 So.2d 148; 101 C.J.S. Zoning § 140, p. 900; 26 C.J.S. Deeds, § 171, p. 1181; Grubel v. MacLaughlin, D.C.Virgin Is., 286 F.Supp. 24.

Defendant and Intervenors' point is sustained. The judgment is reversed, and judgment rendered that the City of Gatesville zoning ordinance restricts plaintiffs' property to residential use.

Reversed and rendered.