Walter Harold Tubbs and his wife Sara Bryars Tubbs appeal from a permanent injunction prohibiting their violation of restrictive covenants applicable to Oakwood Estates Subdivision, Scottsboro, Alabama. We affirm.
Mary C. Brandon and her husband Raymond Brandon recorded certain restrictive covenants on October 26, 1968, when they subdivided their property to form Oakwood Estates Subdivision in Scottsboro. Among those recorded covenants was one providing that "No buildings or structures shall be located or maintained on the lots of this subdivision within 40 feet of any street right-of-way line." Mr. and Mrs. Tubbs purchased Lot 46 in Oakwood Estates from Freida Brandon Wagenblast and her husband Harold Wagenblast, Jr. on August 26, 1977. Their deed was made subject to the previously recorded restrictive covenants, and they received a copy of them with their deed.
On January 3, 1978, the Tubbses obtained a building permit from the City of Scottsboro for a house to be built on Lot 46. After preliminary work, on March 26 or 27 a construction crew began to lay blocks for the foundation. The foundation was laid in accordance with the City Building Code setback restrictions, but failed to meet the setback restriction required by the restrictive covenants.
On March 28, Mrs. Brandon first noticed that the five courses of foundation blocks in place on the Tubbses' house were not forty feet from the right-of-way of Proctor *Page 1360 
Drive, that street being one of the side lot lines. She had her son-in-law, Mr. Wagenblast, call Mr. Tubbs to inform him of the violation that day. She met with Mr. Tubbs on March 29 to tell him he was violating the setback restrictions. Work on the house however, continued. On a subsequent occasion, Mrs. Brandon told Mr. Tubbs in the presence of the Mayor, City Planner, and Building Inspector that she would enforce the setback restriction. Her attorney sent Mr. Tubbs a letter concerning the violation on April 18. Despite this, the work on the house continued and an additional $3,000 worth of materials were purchased and used. At the time the summons and complaint were served, the foundation was completed, and the subfloor was about to be started.
Mrs. Brandon and other owners of property within the subdivision joined to request an injunction against the Tubbses' violation of the restrictive covenants by constructing their house only fifteen feet from the right-of-way of Proctor Drive. The trial judge, after hearing the evidence ore tenus, issued a permanent injunction on June 1, enjoining the Tubbses from violating the restrictive covenants, specifically from "locating or maintaining a building or structure within forty feet of any street right-of-way line." He further directed the Tubbses to remove any part of the house under construction that extended within forty feet of the right-of-way of Proctor Drive or Brandon Street.
The Tubbses assert three errors of the trial court. First, they contend that the findings of violations of the restrictive covenant relating to setback lines by other property owners relieved them from compliance with the covenant; second, that there was estoppel or laches to bar injunctive relief; and third, that the trial court's requirement that they move their house forty feet from the street right-of-way line instead of only forty feet from the curb was unwarranted by the evidence.
Rule 52 (a) of the Alabama Rules of Civil Procedure provides in part that findings of fact by a trial judge sitting without a jury are not to be set aside unless clearly erroneous. The ore tenus rule requires that the trial court's decision not be reversed unless "plainly erroneous or manifestly unjust."Lipscomb v. Tucker, 294 Ala. 246, 256, 314 So.2d 840, 848-49
(1975).
This Court has followed the general rule that restrictive covenants in deeds will be enforced even though other owners of lots in the subdivision have violated the restrictions without objection. See Brown v. Morris, 279 Ala. 241, 184 So.2d 148
(1966).
In this case the trial judge heard testimony from Mrs. Brandon that she did not know about the other setback violations in the subdivision. She stated that the other failures to comply with the required building lines, which she learned of only after this suit was filed, were not as noticeable as the Tubbses' violation. Mrs. Brandon also testified that on other occasions when she had noticed possible violations of the restrictive covenants she had notified the property owners involved and they complied with the restrictions. At the time of the final hearing Mrs. Brandon still owned five lots in the subdivision which she testified would be substantially reduced in value because of the violation. This testimony indicates that the restriction remained of value to Mrs. Brandon and that the other violations were not substantial enough to affect the property she still held.
Laches concerns a prior failure to enforce a restrictive covenant against this defendant rather than a prior failure to enforce a restrictive covenant against other prior violators. Lapse of time alone is insufficient to establish laches. Prejudice to the party arguing laches, sufficient to make it inequitable to disregard the delay and its consequences, must be caused by plaintiff's delay in asserting his rights. 5 R. Powell, The Law of Real Property ¶ 683 at pp. 228.4-228.5 (rev. ed. 1979). Whether laches is established will vary from case to case depending on the operative facts therein. See, e.g., Smithv. Nelson, 149 Colo. 200, 368 P.2d 566 (1962); Tubbs v. Green,30 Del. Ch. 151, 55 A.2d 445 (1947); McGrath v. *Page 1361 Kneisley, Ohio App., 75 Ohio Law Abst. 52, 142 N.E.2d 530 (1956).
Estoppel, however, requires activity both by the plaintiff and by the defendant. The plaintiff must have acted so as to evidence an intent not to enforce his rights under the restrictive covenant and the defendant must have acted in reliance upon plaintiff's conduct so as to make it inequitable for the plaintiff to assert his rights. 5 R. Powell, supra, at p. 228.7. One will not be estopped from enforcing restrictive covenants just because he has previously allowed others to deviate in minor respects from the covenants. Abbott v. Arthur,261 S.C. 31, 198 S.E.2d 261 (1973).
In the present case evidence was presented that the Tubbses had both actual and constructive notice of the setback restriction. The trial court found, based on Mrs. Brandon's testimony, that the Tubbses were notified that the covenant on setback lines would be enforced against them very shortly after construction was begun. They received this notice from Mrs. Brandon on at least two occasions and by a letter from her attorney. There was some conflict in the testimony about how much work had been done when the notices were received and how much work was done thereafter, but the trial judge was convinced from the testimony that "it [was] abundantly clear that a vast majority of the work was done after the first notice, and that some work was done after each notice." Mr. Tubbs testified that an additional $3,000 worth of materials were purchased and used after he had received the letter from Mrs. Brandon and personal notice from Mrs. Brandon. Such evidence tends to show that Mr. Tubbs did not rely on any conduct of Mrs. Brandon to his prejudice or detriment and thus fairly supports the trial court's finding that there was no estoppel or laches to bar injunctive relief under the standards of the ore tenus rule.
When a restrictive covenant is broken, this Court has stated that an injunction should be issued because the mere breach of the covenant is a sufficient basis for interference by injunction. The right to enjoin such a breach will not depend upon whether the covenantee will be damaged by the breach.Reetz v. Ellis, 279 Ala. 453, 186 So.2d 915 (1966). Furthermore, where there is no ambiguity in the language of the restrictive covenant in question, that language is entitled to be given the effect of its plain and manifest meaning. Laney v.Early, 292 Ala. 227, 292 So.2d 103 (1974); Springdale Gayfer'sStore v. D.H. Holmes Co., 281 Ala. 267, 201 So.2d 855 (1967).
The restrictive covenant relating to setback lines in this case unambiguously stated that no building was to be placed on any lot in the subdivision within forty feet of any streetright-of-way line. The covenant clearly indicates that a residence must be at least forty feet away from the right-of-way line of any street which is a lot boundary line.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, ALMON and EMBRY, JJ., concur.