ALMON, Justice.
This appeal is from an injunction ordering E.C. Bramlett, Jr., to remove from his lot in the Silver Cay West subdivision of Dauphin Island a structure containing a boat lift and a deck. The Dauphin Island Property Owners Association (“the Association”) brought this action, contending that the structure violated restrictive covenants applicable to the lot. Bramlett argues that the restrictive covenants are ambiguous and that the trial court erred in enforcing them so as to require him to remove the structure.
The lot was subject to the following restrictive covenants in the 1953 subdivision of Dauphin Island:
“No building shall be erected, placed, or altered on any lot, property, or area in this subdivision until the building plans, specifications, and plot plan showing the location of such building have been approved in writing as to conformity and harmony of external and structural design and quality with existing structures in the subdivision and as to location of the building, and a building permit has been issued by an architectural committee designated by the Dauphin Island Property Owners Association or by a representative appointed by said committee.”
“... [T]he Dauphin Island Property Owners Association shall have the right to enforce any of the foregoing covenants against any person violating the same by appropriate proceedings in a court of competent jurisdiction, or to recover damages or other compensation for such violations. The failure to enforce any of the restrictions herein set forth at the time of their violation shall in no event be deemed to be a waiver of the right to do so thereafter.”
In 1975, the subdivision of Silver Cay West was subjected to the pertinent covenants and restrictions from the 1953 subdivision of Dauphin Island, and additional covenants were added, including the following:
“No building shall be located on any water front lot nearer than 25 feet to the lot line fronting on said water.... For the purpose of this covenant, eaves and steps shall not be considered as part of the building_ Variations from these requirements as to building location may *218 be granted by a vote of 2/3rds of the Board of Directors of the Dauphin Island Property Owners Association upon the recommendations of the Architectural Control Committee and upon such variations being ratified by all abutting property owners.”
“On any lot, or lots, fronting on a canal, no wharf, dock, pier, walk, piling, or other objects shall be built or located beyond the lot line bounding on the canal.”
Bramlett purchased his lot in 1982. He submitted building plans to the Architectural Control Committee (“the Committee”), received approval of the plans, received a building permit, and began construction in December 1984. During the construction, he changed the plans, which had called for decks on the sides of the house, so as to build a boat lift covered by a roof and to build a deck extending from the house to the waterline. He did not seek or receive approval of the change in plans or seek or receive a modified building permit. Construction was completed in May 1985.
On July 1, 1985, another property owner brought the possible noncompliance of the structure to the attention of the Association and requested action. On August 5, the chairman of the Committee wrote Bramlett, informing him that the structure was in violation of the restrictive covenants and asking him to respond as to what action he intended to take. Various negotiations took place, including attempts by Bramlett to receive a variance, but they were unsuccessful and the Association ultimately brought this action. The trial court held that the structure violated the 25-foot-setback covenant and the restriction against building without approval and a permit from the Committee.
Bramlett contends that the structure in question is a “wharf, dock, pier, [or] walk,” which, by the terms of the last-quoted covenant, can be built to the water’s edge, or, at least, that there is an ambiguity as to whether it is such and that, therefore, he is entitled to maintain it under the rule that an ambiguity in a restrictive covenant is construed against the party seeking to enforce it. He cites Frander & Frander, Inc. v. Griffen, 457 So.2d 375 (Ala.1984); Schmidt v. Ladner Constr. Co., 370 So.2d 970 (Ala.1979); Johnson v. Bryant, 350 So.2d 433 (Ala.1977); and Bear v. Bernstein, 251 Ala. 230, 36 So.2d 483 (1948), and other cases, as establishing that rule.
The trial court cited Dauphin Island Property Owners Association, Inc. v. Kuppersmith, 371 So.2d 31, 33 (Ala.1979), for its holding that, in applying the 1953 restriction requiring approval and a permit from the Committee, a boat lift structure similar to Bramlett’s “was a ‘building’ for whose construction a permit was necessary under the restrictions.”
Thus, under the holding in Kup-persmith, and regardless of any ambiguity as to whether Bramlett’s boat lift and deck was a “building” subject to the 25-foot-setback restriction or was a wharf, pier, or dock that could extend to the water line, Bramlett was required to obtain approval of the amendment to his plans before constructing the boat lift. He cites a provision in the 1953 restrictions that, if the Committee does not act on a request for approval of plans within 30 days after receipt thereof, the approval-and-permit covenant “will be deemed to have been fully complied with.” He argues that the failure of the Committee to act within 30 days after receiving notice that his boat lift violated the covenants triggers that provision and precludes the Association from maintaining this action. The obvious flaw in that reasoning is that the 30-day provision applies only to requests submitted to the Committee, and he never submitted a request for approval of his boat lift and deck.
The trial court cited Wright v. Cypress Shores Development Co., 461 So.2d 1296 (Ala.1984), in support of its holding that an injunction ordering removal of the boat lift structure is a proper remedy for Bramlett's violation of the restrictive covenants. The Association also cites Kuppersmith, supra, and Tubbs v. Brandon, *219 374 So.2d 1358 (Ala.1979), as supporting the injunction. We agree that the court correctly applied the principles found in those cases when it issued the injunction. The judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.