THOMPSON, Judge.
In October 1996, Ronald W. Morrison and John H. Kokemor purchased Lot 14 of the Resubdivision of the Lillian Calloway Subdivision in Gulf Shores (hereinafter “the property”). Before purchasing it, they were aware that the property was subject to certain restrictive covenants.
In January 1997, in compliance with the requirements of the restrictive covenants, Morrison and Kokemor submitted to the Architectural Review Board (“ARB”) building plans for the construction of a residence on the property. The plans indicated that Morrison and Kokemor desired to use vinyl siding as the primary exterior material in the construction of their house. On January 28, 1997, the ARB “disapproved the use of vinyl siding due to its incompatibility with the general standards of the community.”
In March 1997 Morrison and Kokemor petitioned for a temporary restraining order and a preliminary injunction. They also filed a two-count complaint. In their first count, they requested that the trial court declare that they “are entitled to utilize vinyl siding on the exterior of their home.” In their second count, they alleged that they had been damaged by negligence on the part of the members of the ARB and they requested money damages. Morrison and Kokemor named the members of the ARB as defendants in their petition and in their complaint.
Morrison and Kokemor alleged that “[t]he ARB’s denial of their building application was arbitrary and capricious, without basis of authority, and ... in direct contravention of the express provisions of the restrictive covenants applicable to the property.” Morrison and Kokemor also alleged that the members of the ARB “negligently applied the restrictive covenants applicable to the property by denying [Morrison and Kokemor’s] building plans without any basis of authority and without reasonable justification for doing so.”
After holding a hearing on the petition for injunctive relief, the court denied the request for a temporary restraining order and for a preliminary injunction. Thereafter, the parties submitted the case for a final judgment, based upon the testimony and evidence presented at the injunctive relief hearing, as supplemented by briefs of the parties.
On December 3,1997, the trial court issued an order, finding “in favor of the members of the ARB and denying the relief sought by Morrison and Kokemor, including injunctive relief.”
Morrison and Kokemor appealed to the Supreme Court of Alabama, which transferred the appeal to this court, pursuant to § 12-2-7, AIa.Code 1975.
As the ARB states in its brief: “This case involves the right of an architectural review board for a subdivision to apply and enforce duly recorded restrictive covenants applicable to the subdivision.”
Wilton Allan Cox, one of the original developers of the Resubdivision of the Lillian Cal-loway Subdivision and a former member of the ARB, testified at the hearing. Cox stated that the developers prepared restrictive covenants for the subdivision and that while the developers did not intend to permit the use of vinyl siding as the primary exterior material in the construction of homes in the subdivision, they did not issue an absolute prohibition against vinyl siding because the developers wanted the ARB, on a case-by-case basis, to be able to permit the use of vinyl siding for eaves, edging, trimwork, etc. Cox testified that out of the 19 homes located in the subdivision, there is one abnormality in the subdivision — Dr. John Wilson’s home — which has vinyl siding as a primary exterior material, and that vinyl siding has not been permitted as a primary exterior material on any of the other homes in the subdivision.
Cox stated that the plans submitted to the ARB by Dr. Wilson did not indicate that Dr. Wilson intended to use vinyl siding as his primary exterior material and that if the ARB had known that Dr. Wilson intended to use vinyl siding as his primary exterior mate *429 rial, the plans would not have been approved. Stated another way, the ARB had not approved vinyl siding for Dr. Wilson’s house. Cox testified that the ARB did not discover that Dr. Wilson had used vinyl siding as the primary exterior material for his house until the house was 98% complete and that the ARB decided that it would be too much of a financial burden to require Dr. Wilson to rectify the situation.
Terry Elkins, a lot owner and one of the current members of the ARB, also testified at the hearing. Elkins stated that the ARB could not approve Morrison and Kokemor’s building plans because the plans called for the use of vinyl siding as the primary exteri- or material. Elkins also testified to the following: In early February 1997, Morrison and Kokemor resubmitted their building plans to the ARB, and the resubmitted plans indicated that Morrison and Kokemor intended to use hardy plank siding as the primary exterior material instead of vinyl siding. The ARB approved these plans, based upon the use of hardy plank siding as the primary exterior material, and construction of the house began. Thereafter, in late February 1997, the ARB received a letter from Morrison requesting that the ARB change its position regarding the use of vinyl siding as a primary exterior material. When the ARB chose not to change its position, Morrison and Kokemor filed the present action.
Section 3.01 D.(l)(i) of the restrictive covenants states: “No vinyl siding will be permitted without prior approval of ARB.”
Morrison and Kokemor contend that the ARB’s actions were arbitrary and capricious in light of the wording of the restrictive covenant and in light of the fact that the primary exterior material on Dr. Wilson’s house, which is located in the same subdivision on the lot nearest their lot, is vinyl siding.
On appeal, Morrison and Kokemor argue: “It seems important to note that the language for the restrictive covenant is not, in and of itself, ambiguous. The utilization of vinyl siding by the adjacent landowner is consistent [with], not in conflict with, the restrictive covenant.” Morrison and Koke-mor also argue that the ARB’s actions were “against the free use and enjoyment of the property and contrary to law” and that “[t]he ARB’s failure to enforce the covenant for Dr. Wilson and [its] failure to remedy the ambiguity should operate as relinquishment of its right to enforce the covenant.”
We cannot agree with Morrison and Kokemor’s statement that “[t]he utilization of vinyl siding by the adjacent landowner is consistent [with], not in conflict with, the restrictive covenant.” The evidence indicates that Dr. Wilson, the adjacent landowner, did not obtain prior approval from the ARB to use vinyl siding on his home and that if he had sought prior approval it would have been denied.
However, we can agree with Morrison and Kokemor’s statement that the language of the restrictive covenant in the present case is not ambiguous. Our supreme court stated the following in Tubbs v. Brandon, 374 So.2d 1358, 1361 (Ala.1979): “[W]here there is no ambiguity in the language of the restrictive covenant in question, that language is entitled to be given the effect of its plain and manifest meaning.” The “plain and manifest meaning” of the restrictive covenant in the present case is that a property owner must obtain prior approval from the ARB in order to use vinyl siding on a home in the subdivision. Nothing in the language of the restrictive covenant requires the ARB to approve the property owner’s request. The record indicates that the ARB duly considered Morrison and Kokemor’s request before denying it. The record contains no evidence indicating that the ARB acted unreasonably in denying Morrison and Kokemor’s request to use vinyl siding as the primary exterior material in the construction of their house.
We cannot agree with Morrison and Koke-mor’s statement that the ARB’s actions were “against the free use and enjoyment of the property and contrary to law.” It is undisputed that Morrison and Kokemor were aware of the restrictive covenants when they purchased their lot in the subdivision.
Additionally, we cannot agree that the ARB relinquished its right to enforce the restrictive covenant by not enforcing it against Dr. Wilson. As our supreme court *430 stated in Tubbs, 374 So.2d at 1360: “This Court has followed the general rule that restrictive covenants in deeds will be enforced even though other owners of lots in the subdivision have violated the restrictions without objection.”
Morrison and Kokemor also argue that the members of the ARB negligently interpreted and applied the restrictive covenant. The evidence presented does not support this argument.
In light of the foregoing, the judgment of the trial court is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.