PITTMAN, Judge.
On October 20, 2006, the Dauphin Island Property Owners Association, Inc. (“the Association”), filed an action to prevent Chris Pitts and Ashley Pitts from building a residence that, the Association claimed, was in violation of the applicable restrictive covenants of the Indian Bay subdivision, which is located within the municipal limits of the Town of Dauphin Island (“the Town”). The trial court denied the Association’s request for a temporary restraining order on October 26, 2006.
On October 27, 2006, the Pittses filed a motion to add their neighbors, Dr. Jon Botts and his wife, Lucia Botts, as third-party defendants; that motion was granted. In addition, the Pittses filed an answer to the Association’s complaint asserting several affirmative defenses, including the statute of limitations, waiver, and lach-es. The Pittses also asserted that their building was in compliance with all applicable covenants and zoning restrictions (summaries of which they attached as exhibits) and that, therefore, no formal relief from the restrictions was needed. Finally, the Pittses asserted that the Bottses were themselves in violation of certain subdivision covenants and restrictions, that the Bottses had unclean hands, and that the Bottses could not sue to prevent the Pitts-es from building their residence. At the same time, the Pittses pleaded claims against the Association and the Bottses, asserting that the plaintiffs’ claims were frivolous and seeking to recover attorney fees and court costs pursuant to the Alabama Litigation Accountability Act, § 12-19-270, et seq., Ala.Code 1975.
On November 6, 2006, the Pittses filed a motion to dismiss, to which was attached the affidavit of Pat Edwards, the Pittses’ predecessor in title. Following oral argument by counsel and the Association’s submission of a letter brief that contained photocopies of the local restrictive covenants that had been adopted over a period of years between 1954 and 1985 together with copies of certain portions of the Town’s zoning ordinance, the trial court granted the Pittses’ motion to dismiss in a one-sentence judgment on December 5, 2006.
On January 4, 2007, the Association filed a postjudgment motion and again attached copies of the subdivision’s restrictive covenants that had been adopted over a period of years; additionally, the Association attached a complete copy of the Town’s zoning ordinance, which also applies to the *479 subdivision property at issue. The Pittses filed a response in opposition to the Association’s postjudgment motion, to which the Association responded on January 31, 2007, by filing another letter brief and the affidavit of Carol Merkel, who served as the chairman of the subdivision’s architectural-review committee that had denied the Pittses’ request for a variance. The trial court denied the Association’s post-judgment motion on February 2, 2007. At the Association’s request, the trial court entered a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., on March 8, 2007. The Association’s appeal from that judgment was transferred to this court by the Alabama Supreme Court pursuant to § 12-2-7(6), Ala.Code 1975.
On appeal, the Association asserts that the primary issue is whether its complaint stated a cause of action upon which relief could be granted. In addition, the Association challenges the admissibility of the affidavit of Pat Edwards that was filed in support of the Pittses’ motion to dismiss and alleges that the exhibits attached to that affidavit did not constitute competent evidence under Rule 12(c) and Rule 56(e) such that the trial court erroneously entered a judgment against the Association.
Because the trial court did not exclude the affidavit and the exhibits submitted by the Pittses in support of their motion to dismiss, we treat the trial court’s judgment in this action as a summary judgment.[1] See Rule 12(b), Ala. R. Civ. P., and Travis v. Ziter, 681 So.2d 1348, 1351 (Ala.1996). As Travis also notes, “[i]n reviewing a summary judgment, we must determine whether the movant made a prima facie showing that there was no genuine issue of material fact and that the movant was entitled to a judgment as a matter of law”; also, “[i]f the movant made that showing, then the burden shifted to the nonmovant to rebut that showing by presenting substantial evidence creating a genuine issue of material fact.” Id. Finally, “[i]n determining whether the trial court was presented substantial evidence creating a genuine issue of material fact, a reviewing court must examine the record in a light most favorable to the nonmoving party and must resolve all doubts in favor of the nonmoving. party.” Id.; see also American Trust Corp. v. Champion, 793 So.2d 811, 813 (Ala.Civ.App.2001).
Reviewing the evidentiary submissions in the light most favorable to the Association, we perceive the following facts from the record. The Pittses purchased from Pat Edwards an undeveloped lot in the Indian Bay subdivision, which is situated in the Town’s corporate limits. In March 2006, the Pittses applied for a building permit from the Association’s architectural-review committee. At the time of the application, the Pittses were required to obtain a building permit from the Town as well as from the Association. The plans submitted by the Pittses to the Association and the Town indicated that the residence would comply with the subdivision covenants that required a 10-foot set-back as to all side lots, and the committee approved the Pittses’ plans. After the Pitts-es began construction, the Town stopped the construction because the pilings for the waterfront deck were too close to the water and violated the Town’s zoning ordinance; although the Pittses requested a variance as to that condition from the Town, that request was denied. At the time that the Town halted the Pittses’ residential construction, it notified the Association that the residence was not situated on the property with a 10-foot side-lot set-back as originally indicated [1] in the *480 building plans. Upon receiving that notice, the Association wrote the Pittses and requested that they either submit a new construction plan for approval or take corrective action to comply with the subdivision set-back requirements. Instead; the Pittses requested a “variance” from the restrictive covenants; the Indian Bay covenants require that any relief from the covenants cannot be granted unless all abutting landowners give consent to the requested relief. Because the Bottses objected to the Pittses’ request, the Association denied that, requested relief from the subdivision covenants. When the Pittses resumed construction on their residence without the Association’s permission, the Association filed the action that is the basis of this appeal.
The facts of this case place it squarely within the framework of Brown v. Morris, 279 Ala. 241, 184 So.2d 148 (1966). In that opinion, our Supreme Court spoke to when zoning restrictions and restrictive covenants control land use in residential developments. In that case, the City of Gadsden had enacted a comprehensive zoning ordinance that allowed the construction of commercial buildings on certain lots contained in the subdivision; however, the subdivision had adopted restrictive covenants requiring that all lots within the subdivision could only be used for single-family residences. The opinion noted that private restrictions “may be more but not less restrictive” than valid zoning provisions. Brown, 279 Ala. at 243, 184 So.2d at 151. The court then concluded that preexisting restrictive covenants form part of the consideration when a buyer purchases a lot in the subdivision, thereby conferring both an inducement to buy and an ability to enforce those restrictions as to other purchasers of lots in the subdivision; thus, the buyer agrees to submit to a certain burden upon a particular lot because a similar burden is imposed upon the buyer’s neighbors, which operates as a benefit to both. Brown, 279 Ala. at 244, 184 So.2d at 151.
In the years since Brown was decided, our Supreme Court has expanded upon the notion that the appropriate remedy for violating restrictive covenants is to seek an injunction to remove the offending structure. In Bramlett v. Dauphin Island Property Owners Association, 565 So.2d 216 (Ala.1990), our Supreme Court determined that although a particular owner had previously received a building permit to build his residence, his failure to seek and to obtain approval of plans to add a boat-lift and porch roof to previously approved plans entitled a property owners association to obtain an injunction ordering the removal of any structure in violation of the restrictive covenants. Bramlett, 565 So.2d at 218-19; see also Dauphin Island Property Owners Association v. Kuppersmith, 371 So.2d 31 (Ala.1979).
Applying the above-stated law to the record in this case leads us to the conclusion that the trial court’s judgment in favor of Pittses is plainly erroneous. Based upon the conflicting affidavits and the applicable Alabama law regarding restrictive covenants, we conclude that the Pittses were not entitled to a judgment as a matter of law under the facts of record when viewed in a light most favorable to the Association. The trial court’s judgment is reversed and the case is remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and THOMAS and MOORE, JJ., concur.
BRYAN, J., concurs in the result, *481 without writing. 

. In addition, it appears that the trial court also reviewed the affidavit and exhibits submitted by the Association in support of its postjudgment motion.