These cases present the following questions: (1) Under the provisions of Rule 40, A.R.C.P., as amended, effective August 1, 1990, must a case in which injunctive relief is requested be set on the trial docket "at least 60 days before the date set for trial"? (2) Did the trial court err in failing to rule on the defendant's counterclaim? (3) Did the trial court err in failing to allow the defendants to present evidence on the issue of selective enforcement of the covenant? (4) Did the trial court err by failing to grant the defendant's motion for "directed verdict"[1] and (5) Can a party appeal a judgment of contempt of a court order in a civil proceeding and an award of attorney fees or must such an order be reviewed by certiorari?
Two cases, 1900417 and 1900886, have been consolidated on appeal. In the first case, Alex and Suzy Baker appeal from a trial court order that permanently enjoined them from erecting and maintaining a "satellite dish" on their property in violation of a restrictive covenant that was in force on their property. It is in this appeal that the Bakers claim: (1) that the trial court erred in entering the trial date on the docket less than 60 days before the date of the trial, because of the provisions of A.R.C.P. 40(a); (2) that the trial court erred by failing to rule on their counterclaim; (3) that the trial court erred in failing to allow the Bakers to present evidence on the issue of selective enforcement of the covenant; and (4) that the trial court erred by failing to grant their motion for a "directed verdict" at the close of the plaintiffs' case. *Page 940 
In the second case, the Bakers appeal from the trial court's award of fees to the plaintiffs' attorney based on contempt proceedings brought by the plaintiffs in which they sought to have the permanent injunction that had been issued by the trial court enforced. The Bakers contend that the trial court erred in awarding attorney fees because (1) they say there was not sufficient legal evidence before the trial court to support the order to pay $2,000 in attorney fees, and (2) they say the plaintiffs had failed to prove that their attorney had performed services that would support the award of $2,000.
 FACTS
In the latter part of 1989, Alex and Suzy Baker enlisted the aid of a Brigham-Williams real estate agent to help them find a house in the Birmingham area. At that time, the Bakers allegedly informed the agent that one requirement in any house that the Bakers would consider buying would be that they could install a satellite dish that would be used by Alex Baker in his commercial real estate business.
The Bakers eventually decided to buy a house in the Heatherwood subdivision in Shelby County. Before the closing, the Bakers requested a list of any covenants or restrictions in place on that property. Alex Baker testified that no covenant restricting the use of satellite dishes appeared in that list. The Bakers bought the house and proceeded to move their satellite dish from their home in Montgomery to their new residence. After the Bakers had brought the dish to their new house, but before they had it installed, they received notice that the use of the satellite dish might be subject to a covenant restricting the use of satellite dishes. Nevertheless, they proceeded to install the dish on their property.
The Heatherwood Homeowners Association brought suit, asking for declaratory and injunctive relief and asking that the court enforce the provisions of the covenant restricting the use of satellite dishes.
The record shows that the Association's complaint was filed on August 3, 1990, and that the defendants were served on August 10, 1990. The record further shows that the defendants filed a motion to dismiss the complaint on September 24, 1990. The trial court overruled the motion to dismiss on September 28, 1990, and on October 5, 1990, set the case for trial on October 17, 1990, at 9:00 a.m. On October 18, 1990, after the defendants had filed a motion for continuance, the trial court rescheduled the case for trial on November 2, 1990, at 9:00 a.m.
The defendants filed an answer to the complaint on October 10, 1990, in which they made a demand for jury trial, and on October 16, 1990, filed a motion to continue on the grounds: (1) that they had not had adequate time to complete discovery; (2) that they had demanded a trial by jury; and (3) that Rule 40(a), A.R.Civ.P., required that the court not set a case for trial in less than 60 days after the case was docketed by the clerk.
On October 19, 1990, the Association filed a motion for leave to amend its complaint to strike from the complaint its request for declaratory relief, and at the same time filed a motion to strike the defendants' demand for a jury trial, on the ground that the complaint, as amended, requested only injunctive relief and that the defendants were therefore not entitled to a jury trial on the complaint.
The defendants filed another motion for a continuance on the date of trial, November 2, 1990, and also filed a counterclaim in which they alleged that the Association had selectively enforced the restrictive covenant relating to satellite dishes, and that the selective enforcement had caused them damages, including interruption of business activity.
The trial court, sitting without a jury, heard ore tenus
evidence and entered an order permanently enjoining the Bakers from maintaining the satellite dish on their property in violation of the restrictive covenant. The trial court ordered the removal of the satellite dish from the Bakers' property within 21 days of November 9, 1990. When that time had elapsed, the Association filed motions for criminal and civil *Page 941 
contempt sanctions against the Bakers, and for attorney fees.
On January 11, 1991, the trial court conducted an evidentiary hearing and found that the Bakers had failed to comply with its order to remove the satellite dish, but allowed the Bakers five more days to comply with its order. On January 18, 1991, the trial court entered an order holding that the request for contempt sanctions was moot because the Bakers had removed the satellite dish from their property within the additional five days that had been allowed by the trial court. However, the trial court did award the Association $2,000 in attorney fees to compensate the Association for the fees it had incurred in seeking to have the injunction enforced against the Bakers.
 I
We first address the issues raised by the Bakers in their first appeal, those issues being that (1) the trial court erred in setting the trial date in violation of the provisions of Rule 40(a), A.R.Civ.P., which provides, in part, that "[t]he trial of actions shall be set by entry on a trial docket or by written order at least 60 days before the date set for trial," (2) that the trial court erred in failing to rule on their counterclaim, (3) that the trial court erred in refusing to allow them to enter evidence of the Association's selective enforcement of the covenant, and (4) that the trial court erred in failing to grant their motion for a "directed verdict."
After reviewing the Bakers' first issue, we conclude that this case comes within an exception to the 60-day requirement. Rule 40(a), provides as follows:
 "(a) Setting of cases. The trial of actions shall be set by entry on a trial docket or by written order at least 60 days before the date set for trial, subject to the following exceptions: (1) where, when the interests of justice require, the court continues the trial to a date that is less than 60 days from a previously set trial date that was set in compliance with this rule; (2) where a shorter period of time is available under the provisions of Rule 55 ('Default'); (3) where a shorter period of time is available under the provisions of Rule 65 ('Injunctions'); (4) where a shorter period of time serves the ends of justice in domestic relations cases; (5) where a shorter period of time serves the ends of justice in a habeas corpus or other similar proceeding where the liberty interest of an individual is at issue; (6) where an action has been appealed to the circuit court for de novo review, in which event the time period between setting and trial date shall be at least 30 days; and (7) where a shorter period of time is otherwise provided by law or these rules or agreed to by all of the parties."
(Emphasis added.) The Bakers argue, of course, that none of the exceptions to Rule 40(a) applies in this case. We disagree.
It is apparent from the record that the Association amended its complaint to request only injunctive relief, and that that was the only issue tried by the court. Rule 40(a) specifically provides an exception "where a shorter period of time is available under the provisions of Rule 65 ('Injunctions')." Rule 40(a) therefore, allows a trial judge to set requests for a temporary restraining order or preliminary injunction, for example, before the 60-day period has elapsed. Therefore, the trial court did not err in setting the case for trial less than 60 days from the entry on the trial docket because the only relief requested was injunctive in nature.
The second issue raised by the Bakers is that the trial court erred in failing to rule on their counterclaim. On October 10, 1990, the Bakers filed their answer to the Association's complaint. On November 2, 1990, the day of the trial, and almost one month after filing their answer to the Association's complaint, the Bakers filed a counterclaim against the Heatherwood Homeowners Association, alleging selective enforcement of the covenant and claiming damages in the amount of $10,000.
In order to determine this second issue, we must determine whether the counterclaim was compulsory, and therefore, should have been filed with the Bakers' *Page 942 
answer to the complaint. In Brooks v. Peoples Nat'l Bank ofHuntsville, 414 So.2d 917 (Ala. 1982), this Court held:
 "A counterclaim is compulsory if it 'arises out of the transaction or occurrence that is the subject matter of the opposing party's claim'. ARCP 13(a). Several tests are used by the courts to determine whether the claim arose from the same transaction or occurrence.
 "(1) The issues of fact and law raised by the claim and the counterclaim are the same.
 "(2) Res judicata — would a subsequent suit on the claim be barred absent the compulsory counterclaim rule?
 "(3) Substantially the dame evidence will support or refute the claim and the counterclaim.
 "(4) There is a logical relationship between the claim and the counterclaim. "See Lyons, Alabama Practice, § 13.6 (1973), 6 Wright and Miller, Federal Practice Procedure, § 1410 (1971).
 "While this court has never specifically adopted a test for determining whether a counterclaim is compulsory, the Committee Comments indicate that it was the intent of the drafters of the rules to adopt the 'logical relationship' test. The Committee Comments to Rule 13 state that '[a] counterclaim is compulsory if there is any logical relation of any sort between the original claim and the counterclaim.'
 "The Court of Civil Appeals adopted the logical relationship test in O'Donohue v. Citizens Bank, 350 So.2d 1049 (Ala.Civ.App. 1977). The logical relationship test denominates a counterclaim as compulsory if (1) its trial in the original action would avoid a substantial duplication of effort or (2) the original claim and the counterclaim arose out of the same aggregate core of operative facts. The claims arise from the same core of operative facts if (1) the facts taken as a whole serve as the basis for both claims or (2) the sum total of facts upon which the original claim rests creates legal rights in a party which would otherwise remain dormant. Id., Revere Copper Brass, Inc. v. Aetna Casualty and Surety Co., 426 F.2d 709 (5th Cir. 1970).
". . . .
 ". . . [T]he time for determining whether a counterclaim exists is at the time the counterclaimant must serve an answer. Stahl v. Ohio River Co., 424 F.2d 52 (3rd Cir. 1970)."
414 So.2d at 919-20. See also Ex parte Canal Ins. Co.,534 So.2d 582 (Ala. 1988); Desroches v. Ryder Truck Rental, Inc.,429 So.2d 1010 (Ala. 1983); and Ex parte Fletcher,429 So.2d 1041 (Ala. 1982).
The rule on compulsory counterclaims should receive a " 'broad realistic interpretation in light of the interest of avoiding a multiplicity of suits.' " Brooks, at 919, quotingCarter v. Public Finance Corp., 73 F.R.D. 488 (N.D.Ala. 1977). In this case, the original claim and the counterclaim arose out of the same aggregate core of operative facts. Therefore, the counterclaim brought by the Bakers was a compulsory counterclaim and, because it was a compulsory counterclaim, the Bakers should have filed it on October 10, 1990, the day they answered the Association's complaint. The Bakers failed to do this; therefore, their counterclaim was untimely filed. Because the counterclaim was untimely, we hold that the trial court did not err in failing to rule on it.[2]
As to their third issue, the Bakers contend that the trial court erred in refusing to allow them to introduce evidence of the Association's alleged selective enforcement of the covenants that govern the Heatherwood subdivision. We disagree. This Court has followed the general rule that restrictive covenants in deeds will be enforced even though other owners of lots in the subdivision have violated the restrictions without objection. See Tubbs v. Brandon, 374 So.2d 1358 (Ala. 1979);Dauphin Island Property Owners Ass'n, Inc. v. Kuppersmith,371 So.2d 31 (Ala. 1979); and Brown v. Morris, 279 Ala. 241,184 So.2d 148 (1966). Therefore, the trial court *Page 943 
did not err in refusing to admit evidence of other alleged violations.[3]
As to their final issue on the first appeal, the Bakers contend that the trial court erred in failing to grant their motion for a "directed verdict," because, they say, the Heatherwood Homeowners Association had failed to offer any evidence that the Bakers had violated the covenants referred to in the complaint. The Bakers contend that the Heatherwood Homeowners Association, in its complaint, stated that the Bakers were subject to the covenants governing the Fourth Sector, Second addition, of the Heatherwood subdivision. However, the Bakers are actually subject to the covenants governing the original Fourth Sector of the Heatherwood subdivision. The failure of the Association to specify the proper set of covenants in its complaint, the Bakers contend, failed to "show with accuracy and clearness all matters essential to plaintiffs' right to relief."
Rule 15(b), A.R.Civ.P., and the Committee Comments explaining Rule 15 address this issue raised by the Bakers. The Committee Comments state:
 "Under the rule where evidence is introduced or an issue raised with the express consent of the other party, or without objection from him, the pleadings 'shall' be deemed amended to conform to such evidence."
(Emphasis added.)
In this instance, the Heatherwood Homeowners Association introduced into evidence a copy of the deed conveying a house and lot in the Heatherwood subdivision to the Bakers, along with a copy of the restrictive covenants applicable to that specific house and lot. This copy of the restrictive covenants clearly states that "no satellite dishes are permitted on any lot." The Bakers failed to object to the introduction of this evidence. Because the Bakers failed to object to the admission of this evidence, we hold that the pleadings are to be treated as if amended to conform to the evidence introduced by the Association. This reflects the intent of the drafters of Rule 15(b) as expressed in the Committee Comments. Therefore, the trial court did not err in denying the Bakers' motion for a "directed verdict."
 II
In the second appeal, the Bakers contend that the trial court erred in awarding attorney fees to the Heatherwood Homeowners Association based on the contempt proceedings brought by it and in which it sought to have the permanent injunction that had been issued by the trial court enforced. The Bakers contend that the trial court erred in awarding attorney fees because (1) they say there was insufficient legal evidence before the trial court to support the order to pay $2,000 in attorney fees, and (2) they say that the plaintiffs had failed to prove that their attorney had performed services that would support the award of $2,000.
The trial court's order stated:
 "The court, having been informed that the defendants Alex Baker and Suzy Baker have complied with the court's order of November 9, 1990, and removed the satellite dish from their property, finds that plaintiffs' motion, as amended, for contempt sanctions is now moot.
 "Accordingly, it is therefore ordered by the court that the plaintiffs' motion, as amended, for contempt sanctions be dismissed."
Nevertheless, the trial court imposed sanctions by ordering the defendants to pay the plaintiffs' attorney fees and the court costs for the contempt proceeding. On appeal, both parties treat the order as an adjudication of contempt. For purposes of the appeal, we will treat the order to pay the attorney fees as having been imposed as a sanction arising out of the Bakers' failure to timely comply with the trial court's order of November 9; in that sense, the order is in the nature of a contempt adjudication.
The association claims that the Bakers' appeal should be dismissed because, they *Page 944 
claim, an appeal will not lie from an adjudication of contempt; the proper method of review, they say, is by certiorari or, if the party is in jail, by habeas corpus. Parker v. Reaves,531 So.2d 853 (Ala. 1988) (appeal from contempt order requiring a party to pay costs and attorney fees was dismissed), and the cases cited therein. Although this is a correct statement of the law as it existed prior to the adoption of Rule 33, Alabama Rules of Criminal Procedure, effective January 1, 1991, it is no longer the law. Rule 33.6 provides:
 "(b) Where contemnor is not in Custody. In cases in which a contemnor by order has been found to be in contempt and sentenced, or in which he is not in custody, review of the action of the court shall be by appeal to the appropriate appellate court."
Rule 33 applies to the contempt proceeding even though this is a civil proceeding.[4] The contempt order appealed from was entered after January 1, 1991; therefore, the procedural requirements of the Rule were applicable. Here, there was substantial compliance with the requirements of the Rule, and the record shows that the $2,000 award of attorney fees was made only after the Bakers had had notice and an opportunity to be heard.
After carefully reviewing the record on appeal, we hold that the trial court acted within its sound discretion in awarding attorney fees to the Association for the contempt proceedings. See Moody v. State ex rel. Payne, 355 So.2d 1116, 1119
(Ala. 1978). We hold that the trial court did not err in ordering the defendants to pay the plaintiffs' attorney fees in the amount of $2000.
1900417 AFFIRMED.
1900886 AFFIRMED.
HORNSBY, C.J., and HOUSTON, KENNEDY and INGRAM, JJ., concur.
[1] The motion, styled as a "motion for a directed verdict," was one made as provided in Rule 41(b), A.R.Civ.P., which states, "[A]fter the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief."
[2] The Bakers do not argue that it was an abuse of discretion for the trial court not to allow their counterclaim to be filed late, as provided for in A.R.Civ.P. 13(f).
[3] The Bakers do not show in their brief, nor can we find any evidence in the record, that any other covenant violations actually occurred or, if they did, that they involved the use of a "satellite dish." Therefore, we see no reason to exclude the Bakers from the general rule that restrictive covenants in deeds will be enforced.
[4] One of the criticisms received by this Court when it was considering the adoption of the Rules of Criminal Procedure was that Rule 33 applied to contempts in civil cases. See, Maddox,Alabama Rules of Criminal Procedure, p. 818 (1990).