ROBERT P. BRADLEY, Retired Appellate Judge.
The parties were divorced in 1984. The mother was awarded custody of the parties’ children and the father was ordered to pay $70 per week child support.
In 1989 the mother filed a petition for contempt against the father. After an ore tenus proceeding, the trial court found an arrearage of $2,598.27 and ordered the father to reduce this amount by paying $30 per week, in addition to the regular $70 per week child support payments. Further, the father was ordered to maintain hospitalization insurance for the children and to pay $300 in attorney’s fees for the mother.
In 1991 the mother filed a second petition for contempt, alleging that the father had failed to pay the arrearage and further child support as ordered by the court. The mother also filed an affidavit of noncompliance.
On May 14, 1991 the trial court held an ore tenus proceeding on the matter. The father was not present but was represented by counsel. The trial court entered judgment finding that the father was' in contempt for his failure to pay the prior arrearage and attorney’s fees and found a new arrearage of $618. The court issued a bench warrant for the father’s arrest and ordered the father to remain in jail until he could purge himself of contempt by paying $3,218 in cash.
The father subsequently filed a “Motion for Reconsideration of Writ of Arrest and for Recalculations of Child Support” in the trial court. In his motion the father alleged that he had not willfully failed to pay child support, but was unable to pay due to his extended unemployment. The father also alleged that he had not received proper notice of the contempt hearing and had not been served with the mother’s affidavit of noncompliance. The father then filed a writ of mandamus to this court seeking to stay the trial court’s writ of arrest until his motion for reconsideration is ruled upon.
Under Rule 59(e), Alabama Rules of Civil Procedure, a motion to alter, amend, or vacate a judgment must be filed within 30 days after entry of judgment and may not remain pending more than 90 days after its filing. Here, the record shows that the trial court did not rule upon the father’s motion within the required 90 days and did not extend the time for such a ruling. The father’s motion has thus been denied by operation of law. Rule 59.1, A.R.Civ.P.
Under Rule 33, Alabama Rules of Criminal Procedure, the proper method of review for an adjudication of contempt is by writ of habeas corpus if the contemnor is incarcerated, or by appeal if he is not incarcerated. In Baker v. Heatherwood Homeowner’s Ass’n, 587 So.2d 938 (Ala.1991), the Alabama Supreme Court held that this rule applies to adjudications of contempt in civil, as well as criminal, cases.
Because the father was not incarcerated at the time of the denial of his 59(e) motion, the proper method of review in this case is by appeal. There being an adequate remedy at law, the father’s writ of mandamus will not lie. Ex parte Jones, 447 So.2d 709 (Ala.1984).
In view of the foregoing, the father’s petition for the writ of mandamus is denied.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
WRIT DENIED.
All the Judges concur.