Nadine Parcus filed a petition for rule nisi on September 12, 1989, alleging, among other things, that Jack Parcus had violated the parties' judgment of divorce in that: (1) he was in arrears in child support and maintenance in the amount of $2,000; (2) that he was in arrears in alimony in the amount of $4,000; (3) that he had failed to convey to Ms. Parcus certain property located on Dublin Street in Madison, Alabama; (4) that he had failed to convey to Ms. Parcus all right, title, claim, and interest in and to Vendco (a vending business), including the machinery; and (5) that he had failed to pay Ms. Parcus's attorney's fees.
A hearing on Ms. Parcus's petition for rule nisi was set for October 9, 1989. However, a consent judgment on the issues of alimony, child support and attorney's fees was entered against Mr. Parcus on November 1, 1989. The amount of the judgment was $24,996, and the trial court specifically reserved the right to reset for trial at a later date all other issues presented in the petition and, upon which, the court did not rule.
On June 5, 1991, Ms. Parcus requested that a hearing be set on her September petition for rule nisi, based on her allegation that Mr. Parcus had only paid $5,000 toward the consent judgment.
On July 1, 1991, an ore tenus proceeding was conducted based on the allegations in *Page 77 
the petition. Following the hearing, the trial court "adjudged [Mr. Parcus] to be in criminal contempt of court for failure to pay [the remaining balance of the consent] judgment of $19,996.50, support and maintenance of $16,218, alimony of $40,000 and attorney's fees of $3,453.10."
In addition, the trial court fined Mr. Parcus "$100 for each of 37 monthly violations for a total of $3,700" and sentenced Mr. Parcus to "five days in the Madison County Jail for each of said violations for a total of one hundred eighty five (185) days, to be served on the work release program with earnings to go toward the above amounts." The trial court suspended the sentence for 30 days and then ordered Mr. Parcus to appear at the jail on August 1, 1991, in the event he had not purged himself of the contempt, by paying the fine and all the arrearage by that date.
On July 31, 1991, Mr. Parcus filed three alternative motions — one for new trial, another to amend the judgment, and, finally, one for relief from judgment. The trial court denied all three motions.
Mr. Parcus was subsequently incarcerated in the Madison County Jail, pursuant to the court's contempt determination. On August 20, 1991, Mr. Parcus filed a writ of habeas corpus with the trial court, alleging that he should be released from jail because he was not afforded due process in the contempt proceedings and because he had an inability to pay the ordered support.
In response the trial court entered this order:
 "Denied. Alabama Digest Constitutional Law § 273 (Substantial due process in indirect criminal contempt cases entails assistance of counsel, if requested.) On appeal of the denial of the petition for writ of habeas corpus, bond is set at $10,000, to be approved by the Circuit Court Clerk of Madison County, Alabama, before Jack Parcus is released." (Emphasis in original.)
Mr. Parcus was released from jail on August 20, 1991.
The case is currently before this court on Mr. Parcus's petition for certiorari.
Before we consider Mr. Parcus's contentions, we must first address the appropriateness of a petition for writ of certiorari to review a trial court's judgment of contempt.
Pursuant to Rule 33, Alabama Rules of Criminal Procedure, the proper method of review for an adjudication of contempt is by writ of habeas corpus if the contemnor is incarcerated, or by appeal if he is not incarcerated. The Committee Comments to that rule also note that "[t]he statute, [§ 12-1-11, Code 1975], granting right of appeal to attorneys and court officials for contempt is expanded to cover all persons." Moreover, the Alabama Supreme Court, in Baker v. HeatherwoodHomeowner's Ass'n, 587 So.2d 938 (Ala. 1991), has specifically extended the application of Rule 33, A.R.Crim.P., to adjudications of contempt in civil, as well as criminal, cases.
Prior to the adoption of Rule 33, A.R.Crim.P., which became effective January 1, 1991, the rule was that if the contemnor was not incarcerated, the proper method of review was by writ of certiorari. Ex parte Baugh, 530 So.2d 238 (Ala. 1988). The practice of this court in the past was to treat an appeal of a contempt citation as a petition for writ of certiorari. Roe v.Roe, 487 So.2d 1372 (Ala.Civ.App. 1986). Likewise, we shall treat Mr. Parcus's petition for a writ of certiorari in this case as an appeal.
Mr. Parcus asserts that this case should be reversed on the following grounds: (1) that the respondent, Ms. Parcus, failed to prove that he had the ability to pay the court-ordered alimony and child support; and (2) that he was not informed of his right to counsel, as required by the United States Constitution and the Constitution of Alabama of 1901 at the contempt hearing.
The basic purpose of contempt proceedings is to secure prompt compliance to court orders and judgments. Jim Walter ResourcesInc. v. International Union, UMWA, 609 F.2d 165 (5th Cir. 1980). All courts have inherent authority to punish for contempt in the interest of protecting their dignity and demanding obedience to their decree. Klingler v. White, 465 So.2d 405
(Ala.Civ.App. 1984). *Page 78 
However, contempt cannot be found if failure to pay obligations is due to lack of means rather than contumacy.Davis v. Davis, 518 So.2d 156 (Ala.Civ.App. 1987). Mr. Parcus contends that he is a small business man whose properties are encumbered by several mortgages, that these obligations result in virtually no profit and that he lacks the means to pay the obligations; therefore, he asserts that he cannot properly be held in contempt.
We find that the evidence supports both a determination that petitioner did have the ability to pay and a finding of contempt. Mr. Parcus owned several bars from which he received monthly payments. Testimony was also presented that indicated that Mr. Parcus had entered a sales contract on one of the bars, which resulted in a payment to him initially of $6,500, as well as a monthly payment. Mr. Parcus further testified that he was making the payments on his girlfriend's car, that he invested approximately $40,000 in improvements to one of the bars, and that he had three automobiles, which, pursuant to the judgment of divorce, were to have been transferred to Ms. Parcus.
Next, we must consider whether Mr. Parcus was denied due process as a result of his not having court appointed counsel. Pursuant to the case of State ex rel Payne v. Empire LifeInsurance Co., 351 So.2d 538 (Ala. 1977), the accused in a contempt proceeding is entitled to assistance of counsel, "if requested." Nowhere in the record does a request for counsel from Mr. Parcus appear. In fact, it would appear that Mr. Parcus had several attorneys and, that because of a conflict with one attorney, she withdrew two days after the rule nisi petition was filed, and Mr. Parcus proceeded without her.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur.