The parties were divorced in May 1971. An agreement was entered into by the parties which was subsequently incorporated into the divorce decree. The divorce decree was not made a part of the record, but testimony revealed that provisions in the agreement provided that the father would pay child support in the amount of $250 per month and would pay for the college education of the parties' two sons.
The mother filed a motion for rule nisi, alleging that the father had refused to pay child support and college expenses in accordance with the judgment of divorce. She claimed an arrearage in the amount of $42,000.
After an ore tenus proceeding, the trial court found among other things that the parties entered into an agreement; that the mother was entitled to $2,658 representing an arrearage in child support; and that the mother was entitled to $13,862, representing monies she expended for the college education of the youngest child, William Kevin Kelley, who, at the time of trial, was 21 years old. The other child, Patrick Kelley, age 25, by agreement between the parties, has lived with his father since 1977. The father filed a motion to reconsider which was denied, and he appeals to this court.
The father argues on appeal that the mother did not present sufficient evidence to support a finding of an arrearage in child support and that a judgment of $13,862 should not have been awarded to the mother for the youngest child's college expenses.
Initially, we note that when evidence is presented ore tenus, the trial court's judgment will be presumed correct on appeal unless it is so unsupported by the evidence that it is plainly and palpably wrong. Thrasher v. Wilburn, 574 So.2d 839
(Ala.Civ.App. 1990).
The father first contends that the mother did not present sufficient evidence to support the trial court's finding of an arrearage in child support. We have carefully reviewed the record and the exhibits, and we find that the mother presented the trial court with a list of calculations indicating the amount of past due child support. The trial court's determination of the amount of an arrearage in child support is largely a matter within the sound discretion of the trial court, Brown v. Brown, 513 So.2d 617 (Ala.Civ.App. 1987), and we cannot find that the trial court's determination in this case is unsupported by the evidence.
The father next contends that the mother did not present sufficient evidence to support the award of $13,862 to the mother for William's college expenses. The father apparently concedes that he is obligated to pay the college education expenses, but he argues that the mother did not substantiate William's college expenses. We disagree. At trial, the mother entered into evidence an itemized list of expenses that she incurred for William's education for the years 1989-1990 and 1990-1991. The trial court found that the mother was entitled to $13,862, the amount she expended in providing a college education for William, and awarded judgment accordingly. Again, we cannot find that the trial court's judgment is so unsupported by the evidence as to be plainly and palpably wrong; therefore, this case is affirmed.
AFFIRMED.
THIGPEN and RUSSELL, JJ., concur. *Page 305