ROBERTSON, Presiding Judge.
This is a petition for a writ of mandamus.
Lenora A. DeMarco (wife) and Joseph De-Marco, Jr. (husband), were divorced in the Circuit Court of Jefferson County in October 1984. The wife was awarded, inter alia, $1,500 per month as periodic alimony.
In January 1992 the wife filed a petition for rule nisi against the husband for his failure to comply with the terms of the divorce decree, along with interrogatories and a request for production of documents. In April 1992 the husband filed a petition to modify, requesting that the periodic alimony be reduced.
On June 9, 1992, the wife filed a motion to compel the husband to answer the interrogatories and to respond to the request for production. This motion was granted on June 11, 1992, giving the husband until June 26, 1992, to respond. The husband filed a response on June 25, 1992, stating that he was unable to meet the deadline set by the court.
On July 9,1992, the wife filed a motion for sanctions due to the husband’s failure to comply with the trial court’s order which granted the wife’s motion to compel. This motion was set to be heard on August 14, 1992.
On July 27, 1992, the wife filed an amended petition for rule nisi and a petition to modify, seeking, inter alia, an increase in periodic alimony.
On August 14, 1992, the husband filed his answers to some of the interrogatories. He also filed his response to the request for production of documents, which stated that he was unable to provide certain documents because the requested documents were in the possession of his present wife and were not available to him.
On August 19,1992, the trial court granted the wife’s motion for sanctions and ordered that the husband pay $500 to the clerk of the court. The trial court further ordered: “In the event the [husband] fails to pay the said sum to the clerk of the court, [to] answer the [wife’s] interrogatories, and [to] produce the requested documents by 5:00 p.m. August 21, 1992, the [husband’s] petition to modify will be dismissed with prejudice.”
On August 21, 1992, the husband filed supplemental answers to interrogatories, supplemental answers to the wife’s request for production of documents, and an authorization for his named banks to disclose any and all of his bank records. In the authorization the husband stated that the document was executed with the intent “to comply with the request for production since the records sought by the [wife’s] attorney [were] being withheld from the [husband] by his [present] wife....”
On September 11, 1992, the wife filed a second motion for sanctions, which was heard on September 15, 1992. On September 25, 1992, the husband filed some additional supplemental answers.
On September 30, 1992, the trial court granted the wife’s second motion for sanctions, dismissing with prejudice the husband’s petition to modify and striking “any claims or defenses the [husband] may assert against the [wife’s] petitions.”
The court continued the wife’s petition for rule nisi and petition to modify to a later hearing. The trial court allowed the parties to submit briefs on the issue of whether Rule 33.3(d), A.R.Crim.P., applied to this proceeding, which would prohibit the trial court from restricting the petitioner from presenting exculpatory evidence and evidence of mitigating and extenuating circumstances.
At that later hearing, the husband objected to the court’s continued enforcement of its previous order, wherein the trial court dis *830 missed with prejudice the husband’s counter-petition to modify and struck any claim or defenses the husband may assert against the wife’s petitions.
On April 22, 1993, the trial court ordered:
“1. That Rule 33.3(d), Alabama Rules of Criminal Procedure, does apply to this contempt proceeding notwithstanding the action (Rule Nisi) is a post-judgment action in a domestic case. See Lee v. Lee, 608 So.2d 1383 [ (Ala.Civ.App.1992) ].
“2. That Rule 16.5, Alabama Rules of Criminal Procedure, likewise applies to this action; therefore, the Court sustains the [wife’s] position in this cause and the [husband] shall not be permitted to assert any claims or defenses against the [wife’s] petitions.”
The husband files this petition for a writ of mandamus. He requests this court to direct the trial court to vacate its ruling which precludes him from presenting evidence in opposition to the rule nisi and modification petitions and to direct the trial court to reinstate the husband’s modification petition to be heard on its merits.
A writ of mandamus will not be granted unless there is a clear showing of error by the trial court to the injury of the petitioner. Ex parte Slade, 382 So.2d 1127 (Ala.1980). The petitioner’s right to the relief sought must be clear, and there must be no other adequate remedy. Slade.
The Alabama Supreme Court, in Baker v. Heatherwood Homeowners Ass’n, 587 So.2d 938 (Ala.1991), has specifically extended the application of Rule 33, A.R.Crim.P., to adjudications of contempt in civil eases. Parcus v. Parcus, 615 So.2d 75 (Ala.Civ.App.1992). The holdings and decisions of this court are governed by the decisions of the supreme court. § 12-3-16, Code 1975. Rule 33.3(d), A.R.Crim.P., provides that “[t]he contemnor shall be afforded the opportunity to present exculpatory evidence and evidence of mitigating and extenuating circumstances .... ”
We find a clear showing of error by the trial court, injurious to the petitioner, regarding his right to present exculpatory evidence or evidence of mitigating and extenuating circumstances regarding the wife’s petition for contempt. Baker, supra; Ex parte State of Alabama, 550 So.2d 1067 (Ala.1989). Consequently, the petition for writ of mandamus is granted as to the husband’s right to defend the rule nisi petition.
The supreme court has not extended Rule 16.5, A.R.Crim.P., to civil proceedings, and we hold that the trial court erred in applying that rule in this civil proceeding. Rule 1.1, A.R.Crim.P.
All other relief requested by the petitioner is denied. Rule 37(b), A.R.Civ.P., grants the trial court broad discretion when a party has failed to comply with the trial court’s order regarding discovery, including exclusion of claims, defenses, and default judgments. The petitioner has failed to meet the burden of proof necessary for this court to direct the trial court to further vacate its rulings.
The wife’s request for an attorney’s fee in this mandamus proceeding is granted in the amount of $750.
WRIT GRANTED IN PART AND DENIED IN PART.
THIGPEN and YATES, JJ., concur.