[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 53 
The parties, Steven J. Stack, Jr. and Rita L. Stack, were divorced by the Lee County Circuit Court in 1988. The mother was awarded custody of the parties' three minor sons, and the father was ordered to pay child support of $225 per child per month and periodic alimony of $200 per month. The husband was also ordered to maintain health insurance on the parties' children and to pay one-half of the medical and dental expenses not covered by insurance.
On August 24, 1992, the mother filed a petition to modify the judgment of divorce, seeking post-minority educational support for the parties' three children and a recalculation of child support pursuant to the Child Support Guidelines of Rule 32, Ala.R.Jud.Admin. The mother also sought $1,983.43 for one-half of the children's medical and dental expenses that had not been covered by insurance and that were owed to her by the father, pursuant to the judgment of divorce.
The father filed an answer and a counter-petition, requesting that his alimony obligation be terminated because of the mother's cohabitation with a man and/or because of a material change in circumstances. The father further requested that he be awarded custody of the minor children and be awarded child support.
Following an ore tenus proceeding on the parties' petitions, the trial court entered a judgment stating:
 "[The] [father] shall be responsible for paying 35% of college expenses for the two minor children including tuition, books, mandatory fees, room and board after each child reaches the age of nineteen years. In the event said child receives a scholarship, [father's] portion of the aforesaid expenses shall be reduced based on percent reduction of such expenses as a result of said scholarship assistance. This obligation shall be binding for a maximum of four academic years providing said child makes passing grades and is proceeding satisfactorily toward attaining a degree."
No post-minority educational support was awarded for the parties' oldest child, because he was over the age of 19 years when the mother filed her petition. The trial court denied the mother's request for a recalculation of child support and denied the father's *Page 54 
request to terminate his payment of periodic alimony to the mother. The trial court also found the father to be in contempt of court for failing to pay one-half of the children's medical and dental expenses that had not been covered by insurance and ordered him to pay the mother $1012 within 60 days of the judgment.
The father appeals, contending that the trial court erred by (1) failing to terminate his payment of periodic alimony; (2) awarding post-minority educational support; and (3) finding him in contempt of court. The father raises a fourth issue concerning the award of one-half of his retirement fund to the mother in the 1988 judgment of divorce. We cannot address this issue because the father did not appeal from the judgment of divorce; therefore, this issue is not before this court.
Where the evidence is presented ore tenus, the judgment of the trial court is presumed correct on appeal unless it is unsupported by the evidence, so as to be plainly and palpably wrong. Kelley v. Kelley, 600 So.2d 303 (Ala.Civ.App. 1992). This rule is based on a recognition of the trial court's unique position to evaluate both the demeanor and the credibility of the witnesses. Hall v. Hall, 571 So.2d 1176
(Ala.Civ.App. 1990).
 ALIMONY
Whether a former spouse is living openly or cohabitating with a member of the opposite sex is a factual determination for the trial court. Castleberry v. Castleberry, 549 So.2d 516
(Ala.Civ.App. 1989). This court will reverse the trial court's determination on that question only if, after considering all the evidence and the reasonable inferences to be drawn therefrom, we conclude that the determination of the trial court was plainly and palpably wrong. Capper v. Capper,451 So.2d 359 (Ala.Civ.App. 1984).
Establishing cohabitation requires that proof be presented indicating some permanency of relationship. Hicks v. Hicks,405 So.2d 31 (Ala.Civ.App. 1981). Factors indicating a permanency of relationship include sharing a dwelling, ceasing to date others, payment of the former spouse's debts by the alleged cohabitant, and the purchase of clothes for the former spouse by the alleged cohabitant. Id.; Castleberry, 549 So.2d at 517. The testimony indicates that the mother and the parties' three children shared a residence with the alleged cohabitant for approximately six months. During that time, the mother and the alleged cohabitant were planning on getting married; however, because his divorce from his first wife had not become final, the marriage was postponed. After several months, the relationship between the mother and the alleged cohabitant broke down and she and the parties' children moved out of the residence that they had shared with him.
The testimony also indicated that, during the time that the mother lived in the same house with her children and her fiancee, she had her own bedroom; she paid one-half of the rent and utilities; she purchased her own clothing and groceries; and that the alleged cohabitant was responsible for his own meals and laundry.
Considering the facts and circumstances of this case, we cannot say that the trial court's refusal to terminate the father's alimony obligation on the basis of cohabitation was plainly and palpably wrong.
The father's alternative argument for termination of his obligation to pay alimony is not based on his financial inability to make the payments but is based on a claim that the mother is now financially able to support herself. Termination of periodic alimony is not mandated even where a recipient is self-supporting. Peterman v. Peterman, 510 So.2d 822
(Ala.Civ.App. 1987). The record reflects that since the judgment of divorce, the mother and the father have had a substantial increase in their individual incomes. The testimony reveals that the mother now earns approximately $38,000 per year and that the father now earns $62,000 per year. However, the mother provides the primary support of the parties' minor children, receiving only $550 per month in child support. After a careful review of the record, we cannot conclude that the denial of the father's request to terminate his alimony obligation, based on the mother's earnings, was an abuse of discretion. *Page 55 
 COLLEGE SUPPORT
We next address the issue of whether the trial court erred by awarding post-minority educational support. In deciding whether to grant post-minority educational support for a child of divorced parents, a trial court "shall consider all relevant factors that shall appear reasonable and necessary, includingprimarily the financial resources of the parents and the child and the child's commitment to, and aptitude for, the requested education." Ex parte Bayliss, 550 So.2d 986, 987 (Ala. 1989) (emphasis in original).
In Thrasher v. Wilburn, 574 So.2d 839 (Ala.Civ.App. 1990), this court held that a divorced parent has a legal duty to provide, or to aid in providing, a college education if the child demonstrates the ability and willingness to attain a higher education and the parent has sufficient estate, earning capacity, or income to provide financial assistance without undue hardship to himself.
Timothy Allen Stack, one of the parties' minor children, is a senior in high school; he testified that he has a 2.8 grade-point average and plans to attend Southern Union Junior College for a year or two and then to transfer to a four-year college. Timothy is in the ROTC program and plans to apply for an ROTC scholarship after he transfers to a four-year college. He is also considering enlisting in the Alabama National Guard to help finance his education and is looking into the availability of military and National Guard scholarships. He further testified that he has not taken a college entrance exam and has not applied for acceptance at any college.
The mother testified that Timothy is taking a college preparatory curriculum and plans to attend Southern Union Junior College and then to probably transfer to Auburn University, while continuing to live at home. She testified that, based upon his performance scores, she thinks that Timothy will be able to do college work. The mother further testified that tuition at Southern Union Junior College, where the parties' eldest son attends college, is $25 per credit hour and that at Auburn it is $75 per credit hour.
John Stack, the parties' youngest son, is in the ninth grade and made the honor roll in the first part of his freshman year. John testified that he also plans to attend Southern Union Junior College for a year or two and then to transfer to Auburn University or some other college in Alabama. The mother testified that she and the father have considered John to be the parties' brightest child and have always expected that he will go to college. She further testified that John is in the college preparatory curriculum and is making A's and B's.
In this case, there was testimony regarding the cost of tuition. There was also testimony that Timothy will live at home so that there will be no cost of room and board. The trial court placed temporal limitations and academic restrictions upon the continuation of post-minority educational support for Timothy and John. See Hocutt v. Hocutt, 591 So.2d 881
(Ala.Civ.App. 1991). The uncontroverted evidence is that Timothy Stack and John Stack desire a higher education and have the ability to attain it. In fact, the father testified that he wanted his children to go to college, but that he believes that they should pay for their own education.
The father presented no substantial evidence that providing financial assistance would create an undue hardship for him. Given the fact that the father's financial obligation will be reduced as a result of any scholarship assistance that Timothy or John may receive and that Timothy will continue to live at home, we cannot say that the trial court abused its discretion or that its judgment was plainly and palpably wrong.
The father's assertion that the trial court's order of post-minority educational support is a denial of equal protection has already been addressed by our supreme court inEx parte Bayliss.
 CONTEMPT
The father's last issue is whether the trial court erred in finding him in contempt. Our supreme court, in Baker v.Heatherwood Homeowners Association, 587 So.2d 938 (Ala. 1991), held that Rule 33, A.R.Crim.P., applies to contempt proceedings in civil cases. Our review of a judgment of contempt, if the contemnor is not incarcerated, *Page 56 
is now by appeal and not by a petition for writ of certiorari.Baker, Parcus v. Parcus, 615 So.2d 75 (Ala.Civ.App. 1992),writ quashed, 615 So.2d 78 (Ala. 1993).
The importance of the method of review by an appellate court is the standard of review. In reviewing contempt judgments by writ of certiorari, this court applied the standard of whether there was any evidence to support the judgment of the trial court. In reviewing the sanctions imposed by the trial court inBaker, on the issue of contempt, our supreme court applied theabuse of discretion standard. Under this standard of review, there may be some evidence presented to the trial court, but not enough to support its judgment of contempt and/or sanctions.
Rule 33, A.R.Crim.P, became effective on January 1, 1991. In August 1991 this court held that "[w]hether a party is in contempt of court . . . is a determination committed to the sound discretion of a trial court." Lundy v. Lundy,586 So.2d 949 (Ala.Civ.App. 1991). Also, in T.P.W.C. v. J.R.W.,622 So.2d 931 (Ala.Civ.App. 1993), this court applied the abuse ofdiscretion standard, but, as in Lundy and other cases, we also applied the any evidence standard that was used in certiorari review of contempt judgments. See Hollis v. State ex rel.Hollis, 618 So.2d 1350 (Ala.Civ.App. 1992); Jordan v. Jordan,600 So.2d 332 (Ala.Civ.App. 1992).
We, therefore, take this opportunity to clarify this court's standard of review of a judgment of civil contempt. Henceforth, whether a party is in contempt of court is a determination committed to the sound discretion of the trial court, and, absent an abuse of that discretion or unless the judgment of the trial court is unsupported by the evidence so as to be plainly and palpably wrong, this court will affirm. We will no longer apply the any evidence standard of review.
We note that the federal courts apply the abuse of discretion
standard in reviewing civil contempt judgments. Shillitani v.United States, 384 U.S. 364, 86 S.Ct. 1531, 16 L.Ed.2d 622
(1966); United States v. Roberts, 858 F.2d 698 (11th Cir. 1988);Matter of Trinity Industries, Inc., 876 F.2d 1485 (11th Cir. 1989); Citronelle-Mobile Gathering, Inc. v. Watkins,943 F.2d 1297 (11th Cir. 1991); In re Grand Jury Subpoena DucesTecum, 9102922, 955 F.2d 670 (11th Cir. 1992).
We further note the United States Supreme Court has held that in proceedings for criminal contempt, unless the conduct constitutes a direct contempt, the defendant must be proved to be guilty beyond a reasonable doubt. Young v. United States exrel. Vuitton, 481 U.S. 787, 107 S.Ct. 2124, 95 L.Ed.2d 740
(1987); Bloom v. Illinois, 391 U.S. 194, 88 S.Ct. 1477,20 L.Ed.2d 522 (1968); Gompers v. Bucks Stove Range Co.,221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797 (1911). See Rule 33.3, A.R.Crim.P., for procedural requirements in all civil and criminal contempt proceedings other than direct contempts, i.e., those committed in the presence of the trial court.
The father testified that he had paid his part of some of the children's medical and dental bills; that he had not paid some of the dental bills because he considered the work to be cosmetic and unnecessary; and that the mother had failed to file claims on some of the bills, so he did not pay on these bills. The trial court found the father in contempt and ordered him to pay $1012 of the $1983.43 that the mother requested. After reviewing the record, we cannot hold that the trial court abused its discretion or that the trial court's judgment was plainly and palpably wrong.
The judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
THIGPEN, J., concurs specially.