Although I concur to affirm the finding regarding contempt, I do so by applying the "any evidence" standard of review espoused by our Supreme Court in Simpson v. Harbin,447 So.2d 189 (Ala. 1984). The father in this case testified that he chose not to pay some of the court-ordered expenses. That evidence supports a finding of contempt.
In discussing the application of Rule 33, A.R.Crim.P., it appears to me that our Supreme *Page 57 
Court expressly extended the application of only "the procedural requirements of the Rule." Baker v. HeatherwoodHomeowners Association, 587 So.2d 938, 944 (Ala. 1991). The unfortunate result has been to leave this court without direction regarding whether the standard of review has changed.
Baker clearly requires that "the procedural requirements" of Rule 33, A.R.Crim.P., apply to appellate review of contempt cases. Although Baker provides which method is used to obtainappellate review, nothing in Baker specifies what standard of review applies or whether Simpson, supra, still applies. Has the standard of review for contempt proceedings changed, or is the Simpson standard merely the quantum of evidence required in order to avoid an abuse of discretion?
It appears to me that by extending the proceduralrequirements of Rule 33, A.R.Crim.P., to apply to appellate review, our Supreme Court has formally changed the method to obtain review of contempt proceedings to coincide with what this court has, in practice, been allowing for many years. Does the standard of review change spontaneously to meet the method
of review without an express directive from our Supreme Court?
The day of strict pleading in the practice of law in Alabama is giving way to judicial economy, and we are now addressing the merits of more appellate cases than ever before. Rather than dismiss an appeal, this court in recent years has elected to treat an appeal of a contempt proceeding, albeit the incorrect method to seek review, as a petition for a writ of certiorari. See, e.g., Uhls v. Uhls, 551 So.2d 1065
(Ala.Civ.App. 1989), and Reeder v. Reeder, 356 So.2d 202
(Ala.Civ.App. 1978). In choosing to allow appellate review, even though the method by which it was sought was incorrect, this court has continued to apply the standard of review for a petition for a writ of certiorari; i.e., whether "any evidence" supports the trial court's judgment. See, e.g., Uhls, supra, andReeder, supra. Until Baker, supra, there has been no question that the leniency allowed by this court in regard to obtaining
review of contempt proceedings did not change the standard of review.
Likewise, a brief historical research exposes a similar pattern regarding the method of review for workmen's compensation cases. Those cases, reviewable initially by a petition for a writ of certiorari, see, e.g., Ex parteSloss-Sheffield Steel Iron Co., 207 Ala. 219, 92 So. 458
(1922), continued to utilize the "any evidence" standard of review which applies to certiorari even after review became available by appeal. See, e.g., Bankhead Forest Inds., Inc. v.Lovett, 423 So.2d 899 (Ala.Civ.App. 1982). Although the method
of obtaining review in those cases was clearly changed by statute, the standard of review did not change, because Ala. Code 1975, § 25-5-81(d), before the 1992 amendments, expressly stated that the review "shall be as in cases reviewed by certiorari." Thus, while the method of obtaining review changed, the standard of review did not, albeit by legislation. That area of the law, like most others, continues to evolve and change with guidance and directives from our Supreme Court and the legislature. See Ex parte Cash, 624 So.2d 576 (Ala. 1993), and Ex parte Eastwood Foods, Inc., 575 So.2d 91 (Ala. 1991), regarding the standard of review. Ala. Code 1975, §25-5-81(e)(2), which became effective May 19, 1992, expressly changed the standard of review to findings of fact in workers' compensation cases to "shall not be reversed if that finding is supported by substantial evidence."
Justice Maddox has particularly noted that "Rule 33 obviously makes some changes in the way contempt will be handledprocedurally." Maddox, Hugh, Alabama Rules of CriminalProcedure, § 33.8, at 818 (1990). He discusses some of the procedural protections that the rule affords, noting some of the changes, concerns, and difficulties regarding the application of a criminal rule to civil cases, but he does not discuss the standard of review. Justice Maddox notes that, although the rule allows appeal as the method to seek review, inter alia, it "does not specify the time period" and that the style of the appeal may still be "like one for an extraordinary writ, that is, in the nature of a petition." *Page 58 
Maddox, Hugh, Alabama Rules of Criminal Procedure, § 33.6, at 817-818 (1990).
It seems clear that contempt sanctions and whether to award attorney fees are discretionary matters for the trial court in a contempt proceeding. See Ala. Code 1975, § 30-2-54; Moody v.State ex rel. Payne, 355 So.2d 1116 (Ala. 1978); Williams v.Stumpe, 439 So.2d 1297 (Ala.Civ.App. 1983). Baker, supra, specifically concerned an order for attorney fees resulting from what our Supreme Court determined "is in the nature of a contempt adjudication," and it expressly held "that the trial court acted within its sound discretion in awarding attorney fees." Baker at 943-944. The standard of review regardingsanctions in contempt proceedings apparently has not changed.
It has long been the law that whether to find someone in contempt of court is a matter committed to the discretionary authority of the trial court. See, e.g., Wyatt v. Magee, 3 Ala. 94
(1841), and Birmingham Television Corp. v. DeRamus,502 So.2d 761 (Ala.Civ.App. 1986). My research reveals nothing altering the trial court's discretionary powers in contempt proceedings. It is only how this court reviews the utilizationof the discretionary power to determine whether someone is incontempt that may have been changed.
Since Baker, this court has consistently acknowledged that the method of obtaining review of contempt proceedings is now by appeal. See, e.g., Evans v. Evans, 625 So.2d 438
(Ala.Civ.App. 1993); Newman v. State, 623 So.2d 1171
(Ala.Civ.App. 1993); T.P.W.C. v. J.R.W., 622 So.2d 931
(Ala.Civ.App. 1993); Lee v. Lee, 608 So.2d 1383 (Ala.Civ.App. 1992);Jordan v. Jordan, 600 So.2d 332 (Ala.Civ.App. 1992); Parcus v.Parcus, 615 So.2d 75 (Ala.Civ.App. 1992); and Ex parteCalhoun, 590 So.2d 311 (Ala.Civ.App. 1991).
What may not have been consistent with this court's review of contempt proceedings has been the standard of review applied on appeal. Although initially, it appeared that the certiorari standard continued, some cases have travelled through that analysis, yet may have ultimately utilized a different standard of review, i.e., "some" evidence rather than "any" evidence. See Coleman v. Coleman, 628 So.2d 698 (Ala.Civ.App. 1993);State Dep't of Human Resources v. Kelly, 623 So.2d 738
(Ala.Civ.App. 1993); Anonymous v. Anonymous, 620 So.2d 43
(Ala.Civ.App. 1993); Hill v. Frye, 603 So.2d 1073 (Ala.Civ.App. 1992);Grimes v. Grimes, 601 So.2d 1053 (Ala.Civ.App. 1992); andLundy v. Lundy, 586 So.2d 949 (Ala.Civ.App. 1991).
Our Supreme Court in Baker, supra, clearly extended the application of the procedural requirements of Rule 33, A.R.Crim.P., stating that notice and an opportunity to be heard were "substantial compliance." Within the rule, we are told that "review of the action of the court shall be by appeal to the appropriate appellate court." Rule 33.6(b), A.R.Crim.P. Neither the rule nor Baker, supra, address whether the standard of review has changed with the method, and that has led to this quandary.
I do not disagree with the reasoning adopted by the majority. Since the exercise of the contempt power lies within the trial court's discretion, it should not be set aside on appeal except when there is a clear abuse of that discretion. It is settled law in Alabama that matters resting in the sound discretion of the trial court will not be disturbed on appeal unless there has been a clear abuse of discretion. Ex parte AllstateInsurance Co., 401 So.2d 749 (Ala. 1981); see also Ex parteCrumpton, 21 Ala. App. 446, 109 So. 184 (1926); however, this court is bound by decisions of our Supreme Court. Ala. Code 1975, § 12-3-16. We are without authority to overrule the decisions of our Supreme Court. Jones v. City of Huntsville,288 Ala. 242, 259 So.2d 288 (1972). Additionally, we are without authority to change an interpretation. C SConstruction Co. v. Martin, 420 So.2d 788 (Ala.Civ.App. 1982),cert. denied, 442 So.2d 933 (Ala. 1983). When there is an apposite decision of the Supreme Court on a question presented, we are bound thereby and cannot "choose our own path." City ofMobile v. Lartigue, 23 Ala. App. 479, 482, 127 So. 257, 260
(1930); see also Glass v. Hinde, 504 So.2d 316
(Ala.Civ.App. 1987). The "any evidence" standard of review set out in Simpson, supra, is the most recent directive of our Supreme Court regarding the standard of review for contempt proceedings. Although Baker, supra, is our Supreme *Page 59 
Court's most recent decision regarding the procedural
requirements of contempt proceedings, it neither addresses nor appears to change the standard of review for contempt proceedings set out in Simpson, supra.
I am not necessarily convinced that the standard has ever changed. Most reasonable persons would agree that a finding of contempt without "any evidence" would be an abuse of discretion. Perhaps that has been our standard from the beginning and our appellate decisions utilized the "any evidence" standard as the quantum of evidence necessary to escape a finding of abuse on review. Regardless, it is my opinion that we are bound by the holding of Simpson, and absent an express directive from our Supreme Court, we are without authority to change it; however, by either standard, I would affirm the trial court.