ROBERTSON, Presiding Judge.
The parties, Donna Jean Powers McDuffie (mother) and Ronald Eugene Powers (father), were divorced by the Calhoun County Circuit Court in 1986. The judgment of divorce incorporated an agreement entered between the parties in March 1986, wherein the mother was awarded custody of the parties’ minor child, a son four months of age, and the father was awarded reasonable visitation rights.
The record reflects that in 1989 the father filed a motion to modify the judgment of divorce, seeking custody of his son. On April 20,1990, following ore tenus proceedings, the trial court entered an order, finding that there had been a material change in circumstances and awarding the parties joint legal custody of the minor child. The father was awarded primary physical custody of the minor child, and the mother was awarded certain visitation rights, including every other weekend, every other Labor Day, every other Memorial Day, every other Easter, every other Mother’s Day, every other spring break, every other Thanksgiving, three weeks during the summer, and one week during the Christmas holiday.
On July 3,1991, the mother filed a petition, requesting that the father be held in contempt of court due to his willful refusal to allow the mother’s weekend visitation with the minor child.
Subsequently, the maternal grandmother filed a petition in the Calhoun County Juvenile Court, seeking custody of the minor child. The trial court consolidated the juvenile court action with the domestic relations action.
On December 18, 1991, an ore tenus proceeding was held on the maternal grandmother’s petition for custody and on the mother’s petition for contempt; however, due to time constraints, testimony of all of the witnesses was not completed, and the hearing was continued for further testimony. The next day, the trial court ordered all parties to submit to counseling and evaluation prior to the hearing being rescheduled.
On January 16, 1992, the mother filed a petition to modify seeking sole custody of the minor child, alleging that a material change in circumstances had occurred since the entry of the last judgment. Thereafter, the maternal grandmother filed a motion to intervene in the domestic relations case, requesting that the trial court award her specific grandparent visitation rights.
On March 6, 1992, the trial court entered an order, finding that further counseling of all of the parties was needed prior to the completion of the trial and granting the ma *463 ternal grandmother’s motion to intervene. The trial court also ordered the father to arrange for the testing and/or evaluation of the minor child by the trial court’s expert, Dr. Joseph B. Howell, a psychologist. The trial court instructed Dr. Bill Clark, another psychologist who had previously counseled the parties; Donna Crowe, a licensed, practicing counselor who was counseling the father and the minor child at the time of the proceedings; and Dr. Robert Gary Summer-lin, a third psychologist who had also counseled the parties, to provide Dr. Howell with any information requested by him.
On March 23, 1992, the trial court dismissed the maternal grandmother’s petition for custody, holding that she had failed to prove that both parents were unfit to have custody of the minor child.
Further proceedings and testimony occurred on April 23, May 27, and October 9, 1992. On October 13, 1992, the trial court denied the mother’s petition to hold the father in contempt of court and her petition to modify custody. The trial court also denied the maternal grandmother’s request for specific grandparent visitation. Thereafter, the mother filed a Rule 59, A.R.Civ.P., motion which the trial court denied.
The mother appeals, contending that she met her burden of proof to justify a change in custody, and that she presented evidence showing that the father was in contempt of court for his denial of her scheduled visitation.
The parent seeking to modify a previous order granting custody has the heavy burden of proving that a change of custody would materially promote the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The moving party must produce evidence that the positive good brought about by a change in custody will more than offset the inherently disruptive effect caused by uprooting the child. Wood v. Wood, 333 So.2d 826 (Ala.Civ.App.1976). Where the evidence is presented ore tenus, the judgment of the trial court is presumed correct on appeal unless it is so unsupported by the evidence that it is plainly and palpably wrong. Kelley v. Kelley, 600 So.2d 303 (Ala.Civ.App.1992). This rule is based on a recognition of the trial court’s unique position to evaluate the demeanor and the credibility of the witnesses. Hall v. Hall, 571 So.2d 1176 (Ala.Civ.App.1990).
The record reflects that the father testified that he does not have a stove in his home and that, when he cooks, he cooks in a microwave oven. The father admits that he and the minor child depend on the paternal grandmother, who lives nearby, to prepare their meals, or they eat out. The testimony further revealed that the paternal grandmother picks up the minor child from school and that on the days when she cannot pick the child up, the father picks up the child and takes him to the father’s place of employment. At the time of the trial court’s judgment, the minor son was approximately seven years old.
Donna Crowe, a licensed professional counselor appointed by the trial court in this matter several years ago and who still works with the father and minor child, testified that although she initially had to give the father guidelines for the appropriate disciplining of the minor child, she recommended that the child remain with the father.
Dr. Bill Clark, a psychologist called to testify by the maternal grandmother, testified that if custody was not given to the maternal grandnüother, then he recommended that the mothef be awarded custody of the minor child.
Dr. Joseph Howell, a\ clinical psychologist appointed by the trial court in this immediate proceeding and provided with the aforementioned information, testified that he had visited the home of both the mother and the father. He testified that he had interviewed and conducted psychological testing on the mother and the father. Further, he had met with the minor child over a five-month period and had made behavioral observations of the mother and the father during this time. Dr. Howell recommended that it would be in the minor child’s best interests that during the school year the mother have physical custody of the minor child during the week and the father have weekend visitation, and that during the summer the father have physical *464 custody of the minor child during the week and the mother have weekend visitation.
Both parties testified as to their love for the child, and obviously the trial court heard conflicting testimony as to the best interest of this minor child regarding custody.
“Where the trial court has heard ore tenus evidence in a child custody case, an appellate court presumes the court’s findings to be correct and will not reverse absent a showing of clear abuse of discretion or plain error. Reuter v. Neese, 586 So.2d 232 (Ala.Civ.App.1991); J.S. v. D.S., 586 So.2d 944 (Ala.Civ.App.1991). The presumption is especially applicable where the evidence is conflicting, as it was in this case.”
Ex parte P.G.B., 600 So.2d 259, 261 (Ala.1992).
After a careful review of the record evidence with the attendant legal principles in mind, we cannot hold that the trial court committed a clear abuse of discretion by failing to find that the mother had met her burden of proof for a change in custody.
The mother also contends that the trial court erred by failing to hold the father in contempt of court. The record reflects that there was at least one occasion when the mother was denied visitation because of the child being disciplined; however, we cannot hold that the trial court abused its discretion in declining to hold the father in contempt. Stack v. Stack, [Ms. AV92000412, February 11, 1994], 1994 WL 37531 (Ala.Civ.App.1994).
The judgment of the trial court is affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.