THIGPEN, Judge.
This is a petition for a writ of mandamus.
Cheryl H. Gurley and Jerry Nolan Gurley were divorced in May 1991. The divorce judgment, inter alia, ordered the husband to pay $4500 per month in periodic alimony.
In May 1993, the husband filed a petition seeking to modify the amount of the alimony payments, alleging that there had been a material change in circumstances. The wife filed interrogatories and a request for the production of documents, including a request that the husband produce all records, including tax returns, of any corporation or other business association in which he owned an interest. Following a hearing on the husband’s motion for a protective order, the trial court granted his motion regarding certain business records.
By way of mandamus, the wife asks this court to direct the trial court to vacate that protective order, and to order the husband to produce the business records.
Mandamus is a drastic and extraordinary writ. For this court to issue such a writ, there must be “(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court.” Ex parte Adams, 514 So.2d 845, 850 (Ala. 1987). There must be a clear showing of error by the trial court to the injury of the petitioner for the writ to be granted. Ex parte DeMarco, 628 So.2d 828 (Ala.Civ.App. 1993).
“ ‘The utilization of a writ of mandamus to compel or prohibit discovery is restricted because of the discretionary nature of a discovery order. The right sought to be enforced by mandamus must be clear and certain with no reasonable basis for controversy about the right to relief. The writ will not issue where the right in question is doubtful.’ ”
Ex parte Bozeman, 420 So.2d 89, 91 (Ala. 1982) (citation omitted).
In response to the wife’s petition, the husband asserts that she has failed to make a clear showing of injury to her by the trial court’s ruling, and he further asserts that he is not in possession of the requested docu *764 ments. He also states that the wife has another adequate remedy, i.e., he says, that the wife can seek the documents by subpoena directed to Talladega OB-GYN Associates, P.C., the corporate entity that is in possession, custody, and control of the requested documents, for them.
A copy of the wife’s request for the production of documents directed to the husband was attached as an exhibit to her petition. There is nothing to indicate that Talladega OB-GYN Associates, P.C., has refused to comply with this request directed to the husband. Likewise, there is no indication that the wife has filed a similar motion for production directed to Talladega OB-GYN Associates, P.C. The fact that the documents could be produced through Talladega OB-GYN Associates, P.C., provides the wife with an alternative remedy that she has not exhausted. There is no indication that the husband is merely the alter ego of the professional corporation, or that he is the proper authority from whom to seek the records. The petitioner has failed to show a clear legal right to the relief requested.
WRIT DENIED.
ROBERTSON, P.J., and YATES, J., concur.